Leo WINTERS d/b/a W W FEEDERS a/k/a
W. W. CATTLE COMPANY *v.* Major LEWIS, d/b/a
MAJOR LEWIS LIVESTOCK AUCTION SALES

76-102                                    542 S.W. 2d 746

Opinion delivered November 8, 1976

*Clark, McNeel & Watson,* for appellant.

*Hartze & Burton,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal was taken from a default judgment entered against appellant. We find that the judgment was erroneously entered and reverse.

Appellee Major Lewis, doing business as Major Lewis Livestock Auction Sales, filed its complaint against Ed Hall, W W Feeders a/k/a W W Cattle Company, and others, alleging that all the defendants were indebted to Lewis in the sum of $32,308.29 for cattle purchased as shown by a statement of account exhibited with the complaint. Hallous Garrett was also a plaintiff and alleged that Ed Hall was indebted to him in the sum of $2,100 for freight and hauling expense "surrounding" the purchase of cattle. It was alleged that Ed Hall was agent for W W Feeders a/k/a W W Cattle Company. Judgment in favor of the plaintiffs for $34,408.29 was sought against all defendants. This complaint was filed on August 6, 1975. An amendment to this complaint was filed August 15, 1975. In this amendment, the plaintiffs alleged that appellant Leo Winters was a resident of the State of Oklahoma; that W W Feeders a/k/a W W Cattle Company was, in fact, Leo Winters d/b/a W W Feeders a/k/a W W Cattle Company; and that Leo Winters d/b/a W W Feeders was indebted to the plaintiffs in the sum of $34,408.29 for cattle sold and delivered to him and for which he had not paid. No other allegation was made as to the cause of action and no reference was made to the statement of account exhibited with the original complaint. The amendment contained these allegations:

That the plaintiffs should be allowed to amend their complaint to include the defendant Leo Winters as a party defendant.

That this court have jurisdicltion over the defendant by virtue of his business dealing within the State of Arkansas personally and by his agents under Arkansas

Stats. 27-2501 et seq.

Thereafter summons was issued and was served on August 20, 1975, upon Winters by the sheriff of Oklahoma County, Oklahoma in that county, pursuant to Ark. Stat. Ann. § 27-2501 et seq (Supp. 1975). A few days prior to this service, Winters had been served with summons on the original complaint. According to the testimony of Winters and his Oklahoma City attorney, Winters had delivered the summons to which the original complaint was attached to this attorney, who then employed an Arkansas attorney to file an answer. This answer and a separate motion to dismiss were filed on behalf of W W Feeders a/k/a W W Cattle Company on September 10, 1975. The answer consisted of a denial that Ed Hall was agent for W W Feeders a/k/a W W Cattle Company, and a general and specific denial of each and every other material allegation of the complaint. The motion to dismiss was based upon allegations that W W Feeders a/k/a W W Cattle Company was not an entity that could sue or be sued.

On October 23, 1975, Leo Winters filed an answer, in "his own right," in which he alleged that he had previously answered the complaint in the name of W W Feeders a/k/a W W Cattle Company. In this answer Winters denied that Hall was an agent for Leo Winters d/b/a W W Feeders a/k/a W W Cattle Company and generally and specifically denied each and every other material allegation of the complaint.

On December 19, 1975, the plaintiffs filed a motion for default judgment, alleging that Leo Winters d/b/a W W Feeders a/k/a W W Cattle Company was served with a copy of the complaint and amended complaint on August 20, 1975, but that Winters had failed to file a timely answer to the complaint and amended complaint and a hearing was held on this motion on the day it was filed. It was granted. The judgment for $34,408.29 and interest was entered on January 16, 1976.

After the hearing, Winters testified that W W Cattle Company was not a corporation, but that he did business under both that name and as W W Feeders. He testified that he

was served with summons and a copy of the complaint in Oklahoma sometime in August, 1975. He also admitted having been served a few days later on the same cause of action, but said that the pleading then served appeared to be identical to the complaint originally served on him and he so advised his Oklahoma City attorney. This attorney, Robert C. Grove, testified that he examined the pleading served on Winters with the second summons and since it appeared to him to be identical with the original complaint, he did nothing more, knowing that Arkansas counsel had already filed an answer to the complaint. Winters testified that the officer who served him with the summons at his office in Oklahoma City had apologized for bothering him again, saying that the summons was exactly like those previously served on him. The officer's affidavit proving service states that he served the complaint in the case, but does not mention the amendment.

It clearly appears that the amendment added nothing to the original complaint except identification of appellant Winters as W W Feeders and W W Cattle Company. It seems clear that process on the original complaint was served on Winters although that summons and its return do not appear to be in the record. The amendment did not state any new or different cause of action or any new factual basis for the recovery sought. The answer to the original complaint was timely filed. The second answer raised no issue not previously raised by the previous answer. It admitted the only new allegation which had been made by the amendment to the complaint. This answer was never stricken, but seems to have been totally disregarded in awarding the default judgment, apparently on the basis that it was not timely.

The default judgment recites that Winters is indebted to Major Lewis d/b/a Major Lewis Livestock Auction Sales and Hallous Garrett in the sum of $34,408.29 with interest. The only witnesses who testified were Winters and his attorney Grove, neither of whom admitted the indebtedness. The judgment was based only upon the allegations of the plaintff's pleadings and the unverified statements and cancelled checks exhibited with the original complaint, which was also unverified.

Default judgments are not the favorites of the law. *Sharp v. Sharp*, 196 Kan. 38, 409 P. 2d 1019 (1966); *Springer Corporation v. Herrera*, 85 N. M. 201, 510 P. 2d 1072 (1973); *Ryan v. Collins*, 481 S.W. 2d 85 (Ky. 1972); *Lambert Bros. Inc. v. Tri City Construction Co.*, 514 S.W. 2d 838 (Mo. App., 1974). *Lindsey v. Drs. Keenan, Andrews and Allred*, 118 Mont. 312, 165 P. 2d 804, 163 ALR 487 (1946); *Rogers v. Lyle Adjustment Co.*, 70 N.M. 209, 372 P. 2d 797 (1962); *Westring v. Cheyenne National Bank*, 393 P. 2d 119 (Wyo., 1964). The granting of a default judgment is a harsh and drastic action and may deprive a party of substantial rights. *Lambert Bros. Inc. v. Tri City Constructiion Co.*, supra; *Janoske v. Porter*, 64 F. 2d 958 (7 Cir., 1933); *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill. App. 2d 102, 167 N.E. 2d 799 (1960); *Springer Corp. v. Herrera*, supra; *In Re M——— & M———*, 446 S.W. 2d 508 (Mo. App. 1969); *Holder Turpentine Co. v. M. C. Kisser Co.*, 68 Fla. 312, 67 S. 85 (1914). Such a judgment should only be granted when strictly authorized and when the party to be defaulted should clearly know that he is subject to default if he does not act in a certain manner. *Janoske v. Porter*, supra; *State of Missouri v. Fidelity and Casualty Co.*, 107 F. 2d 343 (8 Cir., 1939); *Holder Turpentine Co. v. M. C. Kisser Co.*, supra. They are to be avoided if fairly possible. *Sawyer v. Sawyer*, 261 Iowa 112, 152 N.W. 2d 605 (1967).

This is not to say that our governing statutes leave as broad a latitude of discretion in the granting or denial of a default judgment as our courts once had, or that the effect of the statutes should be diluted or diminished. See Ark. Stat. Ann. § 29-401 (Repl. 1962); *Moore v. Robertson*, 242 Ark. 413, 413 S.W. 2d 872. Still, we have found substantial compliance by a defendant with statutory requirements to be sufficient to avoid the harshness of a default judgment in several instances. See *Cummings v. Lord's Art Galleries*, 227 Ark. 972, 302 S.W. 2d 792; *Gent v. State*, 239 Ark. 474, 393 S.W. 2d 219, rev. on other grounds, 386 U.S. 767, 18 L. Ed. 2d 515, 87 S. Ct. 1414; *Easley v. Inglis*, 233 Ark. 589, 346 S.W. 2d 206; *Barkis v. Bell*, 238 Ark. 683, 384 S.W. 2d 269; *Fitzwater v. Harris*, 231 Ark. 173, 328 S.W. 2d 501. See also, *Arkansas Electric Co. v. Cone-Huddleston, Inc.*, 249 Ark. 230, 458 S.W. 2d 728; *Sparks v. Shepherd*, 255 Ark. 969, 504 S.W. 2d 716. And the filing of any responsive pleading, even one which does not go to the merits of the case, has been held sufficient compliance to prevent a

default. *West* v. *Page,* 228 Ark. 13, 305 S.W. 2d 336 (1957); *Cummings* v. *Lord's Art Galleries,* supra; *Fitzwater* v. *Harris,* supra. See also, *Gent* v. *State,* supra.

For some reason appellee did not move to strike the answer of October 23 and did not move for a default judgment until December 19. This was virtually three months after they would have been entitled to judgment even if the second service on Winters is considered as the date from which the time for pleading was to be determined and the first answer disregarded. It was nearly two months after Winters' answer to the amended pleading was filed. When we consider the entire record, including the answer to the complaint, the limitation of the amendment to identification of W W Feeders, the admissions in Winters' subsequent answer, and the lapse of time before a default was sought, we find that there was a waiver of strict compliance with the statutory requirements and that there was substantial compliance sufficient to bar a default judgment. See *Utley* v. *Heckinger,* 235 Ark. 780, 362 S.W. 2d 13; *Fitzwater* v. *Harris,* supra.

We have held that where there is some justification for a belief on the part of a defendant that he has filed a pleading meeting the statutory requirements a default judgment should not be granted. *Barkis* v. *Bell,* supra. See also, *Arkansas Electric Co.* v. *Cone-Huddleston,* 249 Ark. 230, 458 S.W. 2d 728. Either a general or special appearance is sufficient compliance. Ark. Stat. Ann. § 29-401; *Fitzwater* v. *Harris,* supra.

Even though Winters was sued under a trade name, we do not take that to be necessarily fatal to the cause of action or to permit the answer filed by W W Feeders to be ignored in deciding whether there was substantial compliance with statutory pleading requirements.

When a defendant is sued under a trade name, the complaint is amendable by alleging and asserting the true name of the individual doing business under that name. *Manistee Mill Co.* v. *Hobdy,* 165 Ala. 411, 51 S. 871, 138 Am. St. Rep. 73 (1910); *Mauldin* v. *Stogner,* 75 Ga. App. 663, 44 S.E. 2d 274 (1947). Since service was had on Winters for W W Feeders and Winters was the individual doing business as W W Feeders, the amendment to the complaint only corrected a

misnomer and did not substitute a new party. *Thune* v. *Hokah Cheese Company,* 260 Iowa 347, 149 N.W. 2d 176; *Box* v. *Boilermaker National Health & Welfare Fund,* 47 Ala. App. 266, 253 So. 2d 326 (1971); *Manistee Mill Co.* v. *Hobdy,* supra. Appellant was before the court at all times under his trade name and the amendment only clarified his identity by adding his real name. *Thune* v. *Hokah Cheese Company,* supra. Upon this rationale, an amendment such as that made here has been held not to constitute a new action which would have been barred because the statute of limitations ran between the filing of the original complaint and the filing of the amendment. *Manistee Mill Co.* v. *Hobdy,* supra. Cf. *Evans* v. *List,* 193 Ark. 13, 97 S.W. 2d 73; *Williams* v. *Edmondson,* 257 Ark. 837, 520 S.W. 2d 260.

Under our statute, the court may, in the furtherance of justice and on such terms as may be proper amend any pleadings by correcting a mistake in the name of any party, or when the amendment does not change the claim or defense, by conforming the pleading or proceeding to the facts proved. Ark. Stat. Ann. § 27-1160 (Supp. 1975). It is consistent with both the spirit and letter of our statutes governing pleadings to consider, under the circumstances prevailing, that the amendment to the complaint in this case (which raised no new issue but simply corrected the name of the defendant) related back to the original complaint, so that a default judgment was barred by the original answer. If the bar of the statute of limitations may be avoided by such means, the declaration of a default should, by a similar treatment, be prevented.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and JONES, JJ.