J. Sky TAPP *v.* Bonita FOWLER

86-157                                          724 S.W.2d 176

Supreme Court of Arkansas
Opinion delivered February 23, 1987

*Wootton, Glover, Sanders, Slagle, Parkerson & Hargraves,* by: *Richard Slagle,* for appellant.

*Hobbs, Longinotti, Bosson* and *Naramore,* by: *Ronald G. Naramore,* for appellee.

TOM GLAZE, Justice. Appellant appeals from a default judgment entered against him for failing to file an answer to appellee's complaint. Appellant's sole contention on appeal is that his "motion to dismiss and motion for summary judgment," which was denied by the trial court, was a responsive pleading to the complaint and, therefore, the court erred by granting the default judgment.

Appellant, an attorney, represented appellee in a divorce action, and this lawsuit ensues from appellant's claim of $1,000 attorney's fees which he retained out of a $10,600 check the chancery court, in a temporary order, ordered paid appellee. The appellee and her husband subsequently reconciled, and after dismissing their divorce action, appellee filed this cause in circuit court on January 15, 1985, alleging appellant had wrongfully converted the $1,000, and praying for judgment in that amount, plus punitive damages.

On February 5, 1985, appellant filed an instrument captioned "Motion to Dismiss and Motion for Summary Judgment", wherein he alleged, citing ARCP Rules 12(a), (b)(6) and 56, that the appellee's complaint failed to state facts for which relief could be granted. In support of his motions, appellant attached his and two associates' affidavits, along with certain pleadings and documents he had prepared in connection with appellee's divorce action. In sum, appellant's attachments supported his claim of entitlement to an agreed $1,000 retainer. Appellee responded by denying appellant's motions and, by counter-affidavit, she attested she never agreed to pay, nor did appellant earn, the $1,000 in dispute, and she reasserted her claim that appellant had wrongfully and intentionally converted her money. On March 18, 1985, the parties argued their motions, and, on April 1, 1985, the court entered an order denying appellant's motions. After the court's April 1 order, appellant filed no further response or pleading. On June 26, 1985, appellee filed a motion for default judgment, contending that appellant had not filed an answer or other responsive pleading as required by ARCP Rule 12(a).

Appellant countered that his motions to dismiss and for summary judgment were responsive pleadings and nothing further in the way of a response was necessary. After a hearing, the trial court granted appellee a default judgment on July 17, 1985.[1]

As already noted, the appellant timely responded to appellee's complaint by filing his motions to dismiss and for summary judgment pursuant to ARCP Rule 12(a) and (b) which, in pertinent part, provide:

> (a)  A defendant shall file his *answer within twenty (20) days* after the service of summons and complaint upon him . . .

> \* \* \*

> *The filing of a motion* permitted under this rule *alters these periods of time* as follows, unless a different time is fixed by order of the court: (1) *If the court denies the motion* or postpones its disposition until the trial on the merits, *the responsive pleading shall be filed within ten (10) days after notice of the court's action;* . . .

> (b)  *Every defense*, in law or in fact, *to a claim for relief* in any pleading, whether a claim, counterclaim, cross-claim or third party claim, *shall be asserted in the responsive pleading* thereto if one is required, *except that the following defenses may*, at the option of the pleader, *be made by motion:* . . .

> \* \* \*

> (6)  *failure to state facts upon which relief can be granted,* . . .

A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive

---

[1] A previous attempt to appeal this case resulted in a dismissal. *See Tapp* v. *Fowler*, 288 Ark. 70, 702 S.W.2d 17 (1986).

pleading, he may assert at the trial any defense in law or fact to that claim for relief. *If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56*, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. (Emphasis supplied.)

Because the trial court denied appellant's Rule 12(b)(6) and summary judgment motions, the threshold issue is: When appellant failed to file an answer within the ten days provided in Rule 12(a), was the court correct in entering a default judgment against him? We hold the trial court erred.

In *Cammack v. Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984), we were confronted with the situation where Chalmers filed a motion to dismiss Cammack's complaint, and after overruling the motion, the chancellor, by order, gave Chalmers twenty-five days within which to file an answer. Cammack notified Chalmers of the order and volunteered to send him a copy, which he never received. Chalmers filed a late answer, Cammack requested a default judgment, and the chancellor denied Cammack's motion. In affirming the chancellor's decision, we said:

> ARCP Rule 55 provides that a default judgment should be entered when a party "fails to appear or otherwise defend." Here, the appellees defended when they filed their motion to dismiss. This holding is also consistent with Ark. Stat. Ann. § 27-1160 (Repl. 1979) which provides that, "The court must in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." There was no prejudice to these appellants by the appellees' delay in filing their answer.

We believe the *Cammack* decision and its rationale is equally applicable here. In fact, appellant defended the action not only by filing his motion to dismiss, but also by submitting a

motion for summary judgment with three extensive affidavits, which tended to deny each of the allegations contained in appellee's complaint. As he was permitted to do under ARCP Rules 12(b) and 56, the trial judge did not exclude the affidavits filed with appellant's Rule 12(b)(6) motions, and in considering and denying appellant's motion for summary judgment, he obviously was aware of appellant's allegations and denials that directly opposed the claims the appellee recited in her complaint. As we noted in *Cammack*, ARCP Rule 55 provides a default judgment should be entered when a party "fails to appear or otherwise defend." To hold on the facts before us that appellant failed to appear or otherwise defend appellee's action would defy common sense, and, at a minimum, place form over substance.

We reverse and remand with directions to set aside appellee's default judgment and for further proceedings consistent with this opinion. In this respect, we recognize this cause previously had been remanded to permit the court to decide the issue pertaining to punitive damages. The court refused appellee any such award solely on the basis that appellant had been punished by the entry of a default judgment. Because that default judgment is to be vacated, we specifically note that any finding or order by the trial court pertaining to punitive damages should also be set aside, thereby allowing the parties to litigate that issue on remand.

Reversed and remanded.