2013 Ark. App. 38

**Dave EUSANIO, Appellant**

v.

**Dante TIPPIN, Appellee.**

**No. CA 11–1117.**

Court of Appeals of Arkansas.

Jan. 30, 2013.

Rehearing Denied March 13, 2013.

Waller Lansden Dortch & Davis, LLP, by: Waverly D. Crenshaw, Jr.; and Ramsay, Bridgforth, Robinson and Raley, LLP, by: Spencer P. Robinson, for appellant.

Harrill & Sutter, PLLC, Little Rock, by: Luther Oneal Sutter, for appellee.

ROBERT J. GLADWIN, Chief Judge.

Dave Eusanio appeals the August 16, 2011 order of the Jefferson County Circuit Court granting appellee Dante Tippin's motion to strike answer and motion for default judgment. Also on appeal is the circuit court's denial of Eusanio's motion to set aside the default judgment and to vacate the order.[1] We affirm.

In circuit court, Tippin asserted state-law claims against Eusanio and United Parcel Service ("UPS"), claiming retaliation in violation of the Arkansas Civil Rights Act. Ark.Code Ann. § 16–123–101 et seq. (Repl.2006). Eusanio was named individually in his capacity as division manager. Service on him was perfected on April 30, 2011. UPS was served on May 17, 2011. The deadline for Eusanio's response was May 20, 2011, and UPS's deadline to respond was June 6, 2011. The issue on appeal is whether the circuit court erred in holding Eusanio in default and in striking his answer.

Eusanio's counsel requested an extension from Tippin's counsel and served him with a motion for extension, which was inadvertently submitted for filing to the circuit court clerk by U.S. Mail, rather than by facsimile, resulting in its being filed on May 23, 2011—three days after the answer was due to be filed. Eusanio contends that John E.B. Gerth, the attorney preparing Eusanio's response to the complaint, was unexpectedly absent from his office May 17–20, 2011. Gerth took steps to address the issue from home, calling Tippin's counsel on May 20 to request a short extension of time to respond on behalf of Eusanio. Luther Sutter, Tippin's counsel, was in a meeting, and Gerth indicated that the call was in reference to this case and requested a return call that same day. Gerth followed up with an electronic mail message to Sutter:

> I left a message for you at your office but wanted to follow up by email as well. I'm going to be working on the Tippin case. I understand Dave Eusanio was served a few weeks back and UPS has been served within the last few days. I believe Eusanio's deadline to respond to the complaint is today. Can you give us a short 14–day extension to respond on behalf of Eusanio? My wife gave birth to our first child on Tuesday so I've been out of the office this week. We weren't due until mid next month, so the timing was a bit unexpected. The fami-

---

1. On September 26, 2012, this court remanded the original appeal in this case for supplementation of the addendum in accordance with Arkansas Supreme Court Rule 4–2 (2012). *Eusanio v. Tippin*, 2012 Ark. App. 524, 2012 WL 4478542.

ly's doing great—and now I'm trying to catch up a bit.

Thanks for your consideration and please let me know if this presents a problem.

Gerth contends that he did not anticipate an objection to the requested extension because the claims in the complaint were asserted against both UPS and Eusanio, UPS had been served only three days prior, and UPS's time to respond to the complaint would not have run until June 6, 2011, which was after the extended deadline being requested for Eusanio. Sutter did not respond to Gerth's call or email on May 20, 2011.

That same afternoon, Gerth served Tippin with a motion seeking an extension of time to June 3, 2011, to file Eusanio's answer. Because he was not in the office, Gerth arranged for an attorney in his firm admitted to practice law in Arkansas, Marcus M. Crider, to review and sign the motion, and instructed his assistant that the motion be forwarded by facsimile to the clerk of the court for filing. Despite this instruction, however, the legal assistant sent the motion to the clerk by U.S. Mail instead of by facsimile, and it was received the following business day, Monday, May 23, 2011.

Tippin filed an application for default judgment on May 24, 2011, along with a motion to dismiss UPS from the case without prejudice. UPS was dismissed by order filed on that date.

Eusanio filed his answer on June 3, 2011. On June 6, 2011, Tippin moved to strike Eusanio's answer. On June 25, 2011, the circuit court held a hearing on the pending motions and entered an order on August 16, 2011, denying Eusanio's motion for additional time to answer, holding him in default, and granting Tippin's motion to strike the answer.

On August 29, 2011, Eusanio filed a motion to set aside default judgment and to vacate order entered August 16, 2011. The circuit court held a hearing on September 7, 2011, on this motion. From the bench, the circuit court rejected all of Eusanio's arguments in support of his motion to set aside default judgment, except his argument that the judgment was void, which the circuit court took under advisement. The circuit court did not rule on that issue within thirty days of the filing of the motion, resulting in it being denied by operation of law. Ark. R.App. P.-Civ. 41(b) (2012). Eusanio filed a timely notice of appeal, and this appeal followed.

Our supreme court set forth the standard of review in default-judgment cases as follows:

This court has elected to follow the federal courts in considering "opposition to a motion for entry of a default judgment as a motion to set aside a default judgment." *B & F Eng'g, Inc. v. Cotroneo,* 309 Ark. 175, 178, 830 S.W.2d 835, 837 (1992). Therefore, Rule 55 of the Arkansas Rules of Civil Procedure applies to these cases. This court reviews a circuit court's decision not to set aside a default judgment under Rule 55 under an abuse-of-discretion standard. *Nucor Corp. v. Kilman,* 358 Ark. 107, 117, 186 S.W.3d 720, 726 (2004). The same standard applies to a circuit court's decision to grant or deny an opposed motion for default judgment. *See B & F Eng'g,* 309 Ark. at 178, 830 S.W.2d at 837.

*Solis v. State,* 371 Ark. 590, 597, 269 S.W.3d 352, 357–58 (2007).

 We have recognized that defaults are not favored in the law and that a default judgment may be a harsh and drastic result affecting the substantial rights of a party. *CMS Jonesboro Rehab., Inc. v. Lamb,* 306 Ark. 216, 812 S.W.2d 472 (1991). Notwithstanding, we have declined

to set aside default judgments where the neglect or mistake is inexcusable. *Volunteer Transp., Inc. v. House,* 357 Ark. 95, 162 S.W.3d 456 (2004); *Maple Leaf Canvas, Inc. v. Rogers,* 311 Ark. 171, 842 S.W.2d 22 (1992). The standard by which we review the granting of a default judgment and the denial of a motion to set aside the default judgment is whether the circuit court abused its discretion. *Volunteer Transp., supra.*

Arkansas Rule of Civil Procedure 55 states in pertinent part as follows:

(a) When Entitled. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court.

. . .

(c) Setting Aside Default Judgments. The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Eusanio claims that the circuit court abused its discretion in granting the default judgment and denying the motion to set it aside. He argues that five reasons support his claim: (1) his motion for extension was timely served and filed as a matter of law; (2) the circuit court's finding that he was not diligent and did not coordinate with counsel and staff is clearly erroneous; (3) the circuit court erred in applying Arkansas Rules of Civil Procedure 6(b)(2) (2012) and 55(c) (2012) when it held that he failed to establish any of the bases warranting an extension or setting aside a default; (4) the circuit court's rulings are contrary to Arkansas Rule of Civil Procedure 1 (2012); (5) the circuit court erred in entering default against him because the sole claim asserted against him is void under Arkansas Code Annotated section 16–123–108 (Repl.2006).

### I. *Timeliness*

■ Eusanio's first argument is that the circuit court should be reversed because his motion for extension was timely under Arkansas Rule of Civil Procedure 6(b)(1) (2012), which states:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause, but it may not extend the time for taking an action under Rules 4(i), 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Eusanio claims that his request for an enlargement of time to file was timely because it was made by motion served "before the expiration of the period originally prescribed." Ark. R. Civ. P. 6(b). Further, he contends that the motion was timely filed under Rule 5(c), which states

that papers "required to be served upon a party or his attorney shall be filed with the clerk of the court either before service or within a reasonable time thereafter." Ark. R. Civ. P. 5(c) (2012). He maintains that by serving the motion for extension on Tippin before the expiration of the period to file his answer, and filing the motion with the clerk within a reasonable time thereafter, his motion was both timely served and filed.

In support of this proposition, he cites *Hyden v. Circuit Court of Pulaski County*, 371 Ark. 152, 264 S.W.3d 493 (2007), which states as follows:

> Hyden filed its motion to dismiss, representing to the circuit court that it was entitled to a dismissal based on Grassi's failure to file a response with the circuit court. However, Hyden's counsel was in error as to the law. A timely response had been served on her office of which she was apparently unaware. An attorney is expected to know the law. *Lewellen v. Sup. Ct. Comm. on Prof'l Conduct*, 353 Ark. 641, 110 S.W.3d 263 (2003). As acknowledged by the parties and the circuit court at the hearing, under Ark. R. Civ. P. 5(c), the response to the motion was timely. Under Rule 5(c), it had to be filed with the circuit court before the date of service or "within a reasonable time thereafter." The circuit court found that filing the response one day after the response was received by Hyden's counsel was "within a reasonable time thereafter." That ruling has not been appealed. We note as well that the circuit court informed the parties that it was taking judicial notice of problems the circuit clerk's office was having in getting documents timely filed.

The circuit court granted the motion to vacate based on Rule 60 stating that "[t]here was no misrepresentation on the part of the defendant," and that "had I

known about the service, I wouldn't have entered the order at all.... I think that the order of dismissal should be set aside based upon the Clerk's not having a copy of the actual response in the file." *Id.* at 153–54, 264 S.W.3d at 495.

Eusanio argues that the circuit court's reliance on *Lewis v. Crowe*, 296 Ark. 175, 752 S.W.2d 280 (1988), and *Moore v. Taylor Sales, Inc.*, 59 Ark.App. 30, 953 S.W.2d 889 (1997), for the proposition that it is not bound by any agreement that the lawyers make regarding the extension of a deadline, is irrelevant to whether his motion was timely served and filed. He argues that the circuit court should have applied Rule 6(b)(1) and granted the motion for extension, which the circuit court confirmed from the bench would have been granted had it been timely filed.

In contrast, Tippin maintains that Eusanio's motion for extension was not timely under the rules. We agree. In the case at hand, Eusanio did not file a timely answer, nor did he file with the court's clerk a timely motion for extension. His motion for extension was received by Tippin's counsel within the twenty-day period he had to file his answer, but the request was not made to the circuit court "before the expiration of the period originally prescribed." Thus, Tippin's argument that the request under Rule 6 must be made to the court, and that only the court can grant or deny it, is well received. Accordingly, we affirm on this point.

### II. *Factual Findings*

Second, Eusanio claims that the circuit court must be reversed because he established "mistake, inadvertence, surprise, excusable neglect, or other just cause," under Rule 6(b)(2). He takes issue with the circuit court's finding that Eusanio's counsel "did not follow up with his staff or other attorneys in his office" after

he had given instructions to his office on how to handle the deadline. He further claims erroneous the circuit court's finding that Eusanio's counsel did not arrange for other attorneys in his office to handle the matter. He maintains that these findings led to the circuit court's conclusion that filing the late motion constituted carelessness and failure to attend to business.

Eusanio points to the record, which demonstrates that his counsel telephoned counsel for Tippin; emailed counsel for Tippin; drafted a motion for extension and coordinated with another attorney to review and sign it; directed staff to serve the motion on counsel for Tippin and to file it with the circuit court by facsimile. He maintains that these facts make the circuit court's findings erroneous.

Tippin claims that Eusanio's team of lawyers failed to respond in a timely manner and that this is not excusable neglect. We hold that it was not an abuse of discretion for the circuit court to find that the fact that one of them was distracted by the birth of his child does not absolve the remainder of Eusanio's team of responsibility for protecting Eusanio's interests.

### III. *Rules 6(b)(2) and 55(c)*

Further, Eusanio claims that the circuit court abused its discretion because it did not give any consideration to the circumstances presented by him surrounding his filing of the motion for extension. He argues that the circuit court did not properly apply Rules 6(b)(2) and 55(c) to the facts because the clerical misstep— filing by U.S. Mail rather than by facsimile—was the result of inadvertence, mistake, or other just cause. Eusanio argues that the cases relied on by the circuit court support his argument. *See Layman v. Bone*, 333 Ark. 121, 967 S.W.2d 561 (1998) (where failure of counsel to ascertain exact date that complaint was served was not

excusable neglect or mistake so as to warrant enlargement of time to file the answer); *Israel v. Oskey*, 92 Ark.App. 192, 212 S.W.3d 45 (2005) (where homeowner's failure to answer worker's negligence complaint was not a product of excusable neglect; homeowner believed that summons and complaint were regular mail, and he did not understand the gravity of what the process server handed him); and *J & V Restaurant Supply & Refrigeration, Inc. v. Supreme Fixture Co.*, 76 Ark.App. 505, 69 S.W.3d 881 (2002) (A trial judge does not abuse his discretion in granting a default judgment where the delay was due to carelessness or a failure to attend to business.).

Eusanio contends that the facts here are distinguishable from the neglect or carelessness reflected in those cases and likens the instant case to *Hubbard v. Shores Group, Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993). In *Hubbard*, our supreme court found excusable neglect where a litigant was preoccupied with his wife's recent diagnosis of breast cancer and a theft of $6000 by an employee around the time he was served with a summons, resulting in his failure to respond. *Id.*

In contrast, Tippin argues that *McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006), forecloses Eusanio's arguments that the clerical misstep was a mistake or inadvertence. He claims that Rule 60(c) does not apply to defaults. Alternatively, he maintains that even if Rule 60(c) were to apply, it would not apply to a clerical error in a law firm because a clerical misprision occurs when a court clerk's mistake or fraud is apparent from the record. *See Hyden, supra.*

Tippin cites *Maple Leaf, supra*, as instructive. There, nothing in the record indicated that the vice president of the company served was not eligible to receive mail sent to the defendant company; thus,

the company had been effectively summoned. *Maple Leaf, supra.* As in *Maple Leaf,* Tippin argues that there is no record here demonstrating why one of the several lawyers who represented Eusanio could not have ensured the timely filing of the motion.

The circuit court's order states:

Although the Motion for Extension was late, Rule 6(b)(2) allows the Motion to be filed and considered by the Court even if it is not filed timely, as in this case. However, to be considered, one of the Rule 6(b)(2) factors must be present for the court to consider.

At the hearing, the Court inquired of counsel for the Defendant regarding the Rule 6(b)(2) factors. Counsel informed the Court that he had been out of the office because his wife had delivered their first child earlier than expected. Being the father of three young children, the Court is sympathetic and understands the excitement that childbirth brings to the new parents, especially the firstborn. However, being out of the office for several days requires that allowances and arrangements be made for cases to continue to be handled by other attorneys in the office. In this case, this was not done. Further, Counsel knew he had a problem with his deadline and even called his office with instructions on how to handle the deadline, but did not follow-up with his staff or other attorneys in his office. Counsel argues this would be a mistake, inadvertence or excusable neglect, at worst.

After analyzing the applicable case law and procedural rules, the circuit court concluded that "the actions of counsel for the defendant were not excusable under Rule 6(b)(2) or Rule 55, but were due to carelessness and failure to attend to business." We hold that the circuit court's finding was not an abuse of discretion.

## IV. *Rule 1 and Rule 12*

Arkansas Rule of Civil Procedure 1 states that these rules "shall be construed and administered to secure the just, speedy and inexpensive determination of every action." Eusanio contends that the harsh action of the circuit court in striking his answer and holding him in default is contrary to this Rule. Arkansas Rule of Civil Procedure 12 was amended on July 1, 2011, to lengthen the period for Arkansas defendants to answer or otherwise respond to a complaint from twenty days to thirty days. Eusanio claims that this revision became effective only six weeks after his response to the complaint was originally due. He argues that it defies logic and the policy determination embodied in Rules 1 and 12 to conclude that entry of default against him was just.

In *Wal–Mart Stores, Inc. v. Taylor,* 346 Ark. 259, 57 S.W.3d 158 (2001), our supreme court held that the Rule in place on the date of the events in question is applicable. Thus, the amendment to Rule 12 is irrelevant, and we affirm the circuit court's ruling.

## V. *Ark.Code Ann. § 16–123–108*

Eusanio cites *Allen v. Kizer,* 294 Ark. 1, 740 S.W.2d 137 (1987), and *Hubbard, supra,* for the proposition that when a complaint fails to state facts upon which relief can be granted against a defaulting party, the circuit court has no discretion to enter default, and to do so is an abuse of discretion constituting reversible error. Eusanio claims that *Calaway v. Practice Management Services, Inc.,* 2010 Ark. 432, 2010 WL 4524659, the sole basis for Tippin's assertion of a retaliation claim against appellant under Arkansas Code Annotated section 16–123–108, does not extend to create individual liability for supervisors under the circumstances pled in the com-

plaint. Eusanio argues that *Calaway* is reasonably interpreted to mean that section 16–23–108(a) provides for individual liability for the conduct of a supervisor acting outside the course and scope of his employment. He contends that, when an individual supervisor is acting within the course and scope of his employment, he is acting as an agent of the employer and is not individually liable. Eusanio asserts that, because he was acting within the scope of his employment with UPS, he is not liable under section 16–23–108(a) and Tippin's complaint failed to state facts upon which relief could be granted.

In order to defeat a discrimination claim under the *McDonnell Douglas* framework, Eusanio must offer a legitimate, nondiscriminatory reason for his actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Tippin claims that the denial of illegal intent was insufficient in Eusanio's first affidavit because it failed to offer such a reason. We agree. Further, Eusanio's second affidavit was filed after the default was granted, so this issue is waived along with the theory that the complaint failed to state a claim. Finally, Eusanio misinterprets *Calaway,* in which the court held that an individual supervisor can be held personally liable for alleged acts of retaliation under Arkansas Code Annotated section 16–123–108(a).

Accordingly, we affirm.

PITTMAN and WALMSLEY, JJ., agree.