SLIP OPINION

Cite as 2014 Ark. App. 307

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-13-738

| | |
|---|---|
| UNIFUND CCR PARTNERS<br>APPELLANT | **Opinion Delivered** May 14, 2014 |
| V. | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CV-07-1028] |
| KAY THORNTON<br>APPELLEE | HONORABLE VICKI SHAW COOK, JUDGE |
| | AFFIRMED |

### PHILLIP T. WHITEAKER, Judge

The Garland County Circuit Court entered a default judgment against appellant Unifund CCR Partners and awarded appellee Kay Thornton $4,000, plus $28,180.43 to her attorneys. For reversal, Unifund argues that the circuit court erred in failing to set aside the default judgment and in finding that it acted in bad faith during an attempted settlement. We affirm.[1]

Unifund sued Thornton in 2007 for past-due amounts on a credit-card account. Thornton answered that the complaint failed to attach a contract showing her privity with Unifund and that the complaint was barred by the three-year statute of limitations on open accounts. *See* Ark. Code Ann. § 16-56-105 (Repl. 2005). Thornton also filed a counterclaim alleging that Unifund knew or should have known that its complaint was time barred. She

---

[1]We previously dismissed this case for lack of finality. *Unifund CCR Partners v. Thornton*, 2013 Ark. App. 92. The parties returned to circuit court and obtained a final order, from which this appeal is taken.

asserted causes of action under the Arkansas Deceptive Trade Practices Act (ADTPA), the Fair Debt Collection Practices Act (FDCPA), and Rule 11 of the Arkansas Rules of Civil Procedure.

Unifund did not reply to Thornton's counterclaim. Instead, it filed an amended complaint within twenty days after the counterclaim was served.[2] The amended complaint stated that Thornton had originally entered into a written credit-card contract with First USA Bank; that Unifund was the successor to First USA's interest; and that Unifund's complaint was filed within the five-year statute of limitations on written contracts. No written contract was attached to the amended complaint.

Thornton moved for a default judgment on her counterclaim, based on Unifund's failure to answer. Unifund argued that its amended complaint served as a response to the counterclaim and avoided default. Unifund also asked for more time to supply a written contract in support of its claim against Thornton. The court ruled that, should Unifund be unable to produce a contract within ten days, Unifund's complaint would be denied, its amended complaint would be stricken, Thornton's motion for a default judgment would be granted, and a hearing would be set on Thornton's damages.

Unifund never produced a contract. Consequently, Thornton asked for a hearing on her default-judgment damages.[3] The court instead ordered the parties into mediation. While

---

[2] At that time, a party had twenty days after service to respond to a counterclaim. Ark. R. Civ. P. 12(a)(1) (2008). The time has since been changed to thirty days.

[3] A written default-judgment order had not yet been filed, but one was subsequently entered by the court.

awaiting mediation, Unifund moved to set aside Thornton's default judgment. The motion was denied.

During mediation, Unifund agreed to pay Thornton $4,000 and her attorneys, Kathy Cruz and Joel Hargis, $9,000. In executing the settlement, Unifund's attorneys, Hosto & Buchan, sent a check to Ms. Cruz. The check was made out to Cruz personally and to the Hargis firm. At the same time, another attorney in the Hosto firm forwarded a writ of garnishment to Cruz in a separate case in which another company had obtained a judgment against Thornton. The writ of garnishment sought any funds that Cruz held belonging to Thornton. In short, Unifund's attorneys sent a settlement check to Cruz and, at the same time, attempted to recoup the settlement funds through garnishment in another case.

Thornton objected, and Unifund issued another check, this one made out to Thornton, the Hargis firm, and Cruz and Associates, PLLC. However, the Hosto firm again filed a writ of garnishment in an attempt to recoup the settlement amount.

Thornton returned to court and asked for a hearing on damages. Unifund moved to enforce the settlement. In court, Thornton argued that Unifund acted in bad faith because it never intended to pay her the settlement funds and never mentioned that there would be an attempt to garnish the amounts she received. The court refused to enforce the settlement and scheduled a hearing on Thornton's damages.

At the hearing, Thornton testified about the anxiety and credit problems she suffered due to Unifund's lawsuit, and she offered proof of Unifund's attempt to garnish the settlement

proceeds. Based on the evidence, the court ordered Unifund to pay Thornton $4,000 and her attorneys $9,000. The court also ruled as follows:

> That because of the bad faith demonstrated by the Plaintiff [Unifund] in this matter, the Defendant's attorneys shall have ten (10) days from the entry of this Order to submit a fee petition, to include attorney fees and costs incurred on behalf of the Defendant from the June 9, 2011 mediation day forward . . . .

After receiving the fee petitions, the court awarded Ms. Cruz $12,180.43, and Mr. Hargis $7,000. Unifund filed this appeal.

### I. *Refusal to Set Aside Default Judgment*

Unifund argues that the default judgment should have been set aside because Thornton's counterclaim failed to state facts on which relief could be granted. We review the denial of a motion to set aside a default judgment for an abuse of discretion. *Eusanio v. Tippin*, 2013 Ark. App. 38, ___ S.W.3d ___.

A default judgment may not be granted in favor of a claimant whose pleading fails to state facts to support a cause of action. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004). Our review of Thornton's counterclaim reveals that, at the very least, she stated facts to support a cause of action against Unifund under the FDCPA. The FDCPA was enacted to eliminate abusive debt-collection practices. 15 U.S.C. § 1692 (2011). Thornton's counterclaim alleged that the last payment on the credit-card account was in October 2003; that Chase (a previous holder of the account) charged off the account in May 2004; and that Unifund's September 2007 complaint sought recovery on an open account, for which the three-year statute of limitations had passed. Thornton further asserted that Unifund and its attorneys knew or should have known that the claim was time-barred. Filing suit to collect

a debt outside the applicable statute of limitations may give rise to a cause of action under the FDCPA. *See Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324.

Unifund insists that the applicable statute of limitations was five years, rather than three years. Unifund is in no position to make this argument. Due to its default, it failed to deny Thornton's allegation that its complaint was filed on an open account and was subject to a three-year statute of limitations. Averments to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Ark. R. Civ. P. 8(d) (2013).

Unifund also argues that, by filing an amended complaint, it effectively defended against the counterclaim and avoided default. We disagree. A party served with a counterclaim shall file "an *answer or reply* thereto" in a timely fashion. Ark. R. Civ. P. 12(a)(1) (2013) (emphasis added). A "reply to a counterclaim" is a distinctive pleading. Ark. R. Civ. P. 7(a) (2013). We cannot and will not equate an amended complaint with a reply. A complaint is not responsive but seeks affirmative relief for the pleader. *See* Ark. R. Civ. P. 8(a).

Unifund cites *Tapp v. Fowler*, 291 Ark. 309, 724 S.W.2d 176 (1987), and *Cammack v. Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984), where the defendants were held to have "appeared and defended" when they filed a motion to dismiss the plaintiff's complaint. Our rules do allow a motion to dismiss to operate as a responsive pleading. Ark. R. Civ. P. 12(b). However, nothing in the rules designates an amended complaint as the functional equivalent of an answer or reply.

Finally, Unifund contends that the default judgment should have been set aside because its attorney mistakenly thought an amended complaint would serve as a response to Thornton's counterclaim. A court may set aside a default judgment for mistake, inadvertence, surprise, or excusable neglect. Ark. R. Civ. P. 55(c)(1) (2013).

Unifund's purported mistake in this case was one of law, and an untenable one at that, based on our Rules of Civil Procedure. If mere ignorance of the rules of procedure were enough to excuse lack of compliance, it would be just as well to have no rules, because an appellant could simply bypass the rules by claiming a lack of knowledge. *See Arnold & Arnold v. Williams*, 315 Ark. 632, 870 S.W.2d 365 (1994); *Las Colinas Int'l, Inc. v. Crosswood Assocs., Inc.*, 2009 Ark. App. 796. We will not set aside a default judgment where the defaulting party's mistake or neglect was inexcusable. *Eusanio*, 2013 Ark. App. 38, ___ S.W.3d ___.

Given these authorities, we find no abuse of discretion in the circuit court's refusal to set aside the default judgment.

## II. *Bad Faith*

Unifund challenges the circuit court's finding that it acted in bad faith during the mediation and settlement process. It argues that Thornton did not plead bad faith, that no testimony of bad faith was offered, and that Unifund's attorney, rather than Unifund itself, issued the garnishment that led to the bad-faith finding. As a remedy, Unifund asks that the finding of bad faith be stricken from the circuit court's order. We see no reversible error.

While it is true that Thornton did not plead bad faith per se, Unifund's bad-faith behavior did not occur until the settlement process, several years into the case. Thereafter,

when Thornton raised the specter of bad faith at the hearing to enforce the settlement and again at the damages hearing, Unifund did not claim surprise or seek a continuance but defended against the charge. The issue was apparently considered by the court with the implied consent of the parties. *See generally Brown v. Ashcraft*, 101 Ark. App. 217, 272 S.W.3d 859 (2008).

Additionally, the fact that the bad-faith issue was initially explained to the court by Thornton's counsel through argument rather than testimony is not problematic. Attorneys, as officers of the court, may explain the circumstances behind a purported settlement without witness testimony. *See Roberts v. Green Bay Packaging, Inc.*, 101 Ark. App. 160, 272 S.W.3d 125 (2008). In any event, the issue of bad faith was raised at the damages hearing, and Thornton gave testimony about Unifund's garnishment writs.

As for Unifund's claim that the garnishment was its attorney's doing rather than its own, the circuit court may well have determined that all entities involved acted in concert to negate Thornton's settlement check.

Affirmed.

WYNNE and VAUGHT, JJ., agree.

*Hosto & Buchan, PLLC*, by: *Sam P. Strange, Jr.* and *Matthew Scott Runge*, for appellant.

*Crawley, DeLoache & Hargis, PLLC*, by: *Joel G. Hargis*; and *the Cruz Law Firm, PLC*, by: *Kathy A. Cruz*, for appellee.