Cite as 2020 Ark. App. 378

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-19-896

| | |
|---|---|
| DONNA SCRUGGS, STEPHANIE EVANS, ALAN FRAZIER, AND EDWARD D. JONES & CO., A LIMITED PARTNERSHIP<br>APPELLANTS | Opinion Delivered: September 9, 2020<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-18-698] |
| V. | |
| CHARLES MICHAEL LEWIS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLEY LEWIS, DECEASED; MARGARET ANNE LEWIS; LAUREN LEWIS; AND ANDREA LEWIS<br>APPELLEES | HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

This is an appeal from an order denying a motion to set aside a default judgment filed by appellants Donna Scruggs and her daughter Stephanie Evans. Appellants contend that the circuit court abused its discretion in refusing to set aside the default judgment based on their failure to timely answer an amended complaint. We affirm.

On June 20, 2018, Charles Michael Lewis, Lauren Lewis, Andrea Lewis, and Margaret Anne Lewis (appellees) filed a complaint against Donna Scruggs, Stephanie Evans, Alan Frazier, and Edward D. Jones & Co. The complaint alleged that Charley Lewis (deceased), who was Charles's father and Lauren, Andrea, and Margaret Anne's grandfather, had been in an "intimate, on again, off again, confidential" relationship with Donna Scruggs for fourteen years prior to his death in May 2018. They alleged that Donna interfered with the family relationship

between Charley and Charles and that she "took all measures within her power to isolate Charley" from his son and granddaughters. The complaint also stated that Alan Frazier, an investment broker with Edward Jones, managed Charley's investment portfolios, for which appellees were beneficiaries.

The complaint further alleged that Donna and Stephanie "procured forms and other legal documents" on behalf of Charley to change the beneficiaries of his Edward Jones accounts and that both Donna and Stephanie held powers of attorney for Charley, which were obtained by undue influence. They alleged that Charley had a diminished mental capacity due to his diagnosis of Parkinson's disease and other maladies. Appellees made claims of fraud and deceit, conversion of personal property, unjust enrichment, breach of fiduciary duty, undue influence, constructive trust, negligence, and breach of contract. Donna and Stephanie filed a timely answer and responses to requests for admission.

On March 5, 2019, Charles Lewis, individually and as personal representative of Charley's estate, along with Charley's granddaughters, filed a first amended complaint. The amended complaint contained the same causes of action but added numerous additional allegations of fact and sought items of personal property in addition to the proceeds of the Edward Jones accounts. Appellees filed a motion for default judgment on April 3, 2019, alleging that appellants were served via regular mail and that appellants failed to file a timely answer to the amended complaint.

Appellants filed an answer on April 4, 2019, and appellees moved to strike the answer as untimely. Following a June 7, 2019 hearing, the circuit court found that appellants' answer to the first amended complaint was untimely, and the reason for the untimely answer was due to a mistake of law. Specifically, appellant's counsel thought he had thirty days to respond as

2

opposed to twenty days provided by Rule 15(a) of the Arkansas Rules of Civil Procedure. In the June 13 order granting the default judgement, the circuit court again found that the appellants' answer to the first amended complaint was untimely due to a mistake of law, granted the motion to strike appellants' answer, and found that the allegations were deemed admitted. The circuit court found that appellees were entitled to possession of specified pieces of personal property, the entirety of the assets held at Edward Jones, proceeds of a Simmons Bank account, proceeds of a $5000 life insurance policy, and $24,000 in "rent" money paid to Donna.

On June 24, 2019, appellants filed a motion to set aside the default judgment, arguing that there was excusable neglect on their part due to the actions of their attorney; that the default judgment should be set aside under the provision of Rule 55(c)(4) providing "any other reason justifying relief from the operation of the judgment" because they were ordered to turn over property that was not owned by them or the decedent; and that Rule 60(a) of the Arkansas Rules of Civil Procedure allows the circuit court to vacate a judgment to modify it to correct errors or mistakes to prevent a miscarriage of justice. Appellants alleged that they were not aware of the first amended complaint being filed and only learned of it after appellees filed the motion to strike their answer to the first amended complaint. They also raised several defenses and submitted affidavits in support.

Following a hearing, the circuit court denied the motion to set aside the default judgment on the basis that appellants' attorney made a legal mistake and filed a late answer, which did not amount to excusable neglect under Rule 55 of the Arkansas Rules of Civil Procedure. The circuit court entered an order denying the motion to set aside the default

3

judgment on September 20, 2019.[1] Appellants filed a timely notice of appeal from the June 13

and September 20 orders.

The standard of review for considering whether a default judgment was properly granted

is whether the circuit court abused its discretion. *Briney v. Bauer*, 2019 Ark. App. 227, at 3–4,

575 S.W.3d 631, 633 (citing *Layman v. Bone*, 333 Ark. 121, 967 S.W.2d 561 (1998)). When a

party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend

as provided by the rules of civil procedure, a default judgment may be entered against him. *See*

Ark. R. Civ. P. 55(a). Default judgments are not favorites of the law and should be avoided

when possible. *West v. West*, 103 Ark. App. 269, 271–72, 288 S.W.3d 680, 682–83 (2008).

One reason courts are admonished to avoid default judgments when possible is that a default

judgment may be a harsh and drastic result affecting the substantial rights of the parties. *Id*.

Rule 55 provides in pertinent part:

> (a) *When Entitled*. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court.

> . . . .

> (c) *Setting Aside Default Judgments*. The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse

---

[1]Although the order took appellees' motion to rule on punitive damages under advisement and lacks finality under Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil, the order is appealable under Rule 2(a)(4), which provides that an appeal may be taken from an order that that strikes all or part of an answer. Our supreme court has held that this specific provision controls over the more general rule found in Rule 2(a)(1), which requires a "final judgment" and permitted a "piecemeal approach." *Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991). Therefore, we have appellate jurisdiction over the striking of the answer, which permits review of the entry of default judgment. *See Israel v. Oskey*, 92 Ark. App. 192, 198, 212 S.W.3d 45, 49 (2005).

party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

In the present case, it is undisputed that appellants' answer to the amended complaint was untimely. Appellants' counsel at the time the amended complaint was filed mistakenly thought he had thirty days to respond instead of the twenty days allowed in Rule 15(a) of the Arkansas Rules of Civil Procedure.[2] In the circuit court, appellants mainly argued that the default judgement should be set aside due to excusable neglect under Rule 55(c)(1). The circuit court ruled that a mistake of law, i.e., appellants' lawyer was mistaken about the time allowed to respond, is not excusable neglect under the rule. *See Eusanio v. Tippin*, 2013 Ark. App. 38, 425 S.W.3d 838; *Unifund CCR Partners v. Thornton*, 2014 Ark. App. 307, at 5–6 ("If mere ignorance of the rules of procedure were enough to excuse lack of compliance, it would be just as well to have no rules, because an appellant could simply bypass the rules by claiming a lack of knowledge.").

Appellants now suggest we should apply Rule 55(c)(4), which states that the circuit court may set aside a default judgment based on "any other reason justifying relief from the operation of the judgment." This language was cited in their motion, albeit on the basis that they were ordered to turn over property they did not own. The contention was not expanded in the brief in support of the motion to set aside or in their argument before the circuit court. Appellants now argue that the default judgment should be set aside under Rule 55(c)(4) because appellees cannot claim that they "did not have notice of the defenses and denial" by appellants

---

[2]Rule 15(a) allows a party to amend his pleadings at any time without leave of court, with the exception of pleading defenses mentioned in Rule 12(h)(1), which are not applicable here.

in light of the responses to over one hundred requests for admission. Appellants further suggest that default judgment under Rule 55 should be granted only when a party fails to appear or otherwise defend, citing to *Tapp v. Fowler*, 291 Ark. 309, 724 S.W.2d 176 (1987).

In *Tapp*, the plaintiff filed a complaint to which the defendant filed a motion to dismiss under Ark. R. Civ. P. 12(b)(6) and a motion for summary judgment but did not file an answer after the motions were denied. The plaintiff filed a motion for default judgment on the basis that the defendant did not file an answer under Ark. R. Civ. P. 12(a), which was granted. In reversing the default judgment, our supreme court, citing *Cammack v. Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984), stated that the defendant defended the action by filing the motion to dismiss and by submitting three "extensive affidavits, which tended to deny each of the allegations" contained in the complaint. *Tapp*, 291 Ark. at 313, 724 S.W.2d at 178. The court wrote, "To hold on the facts before us that appellant failed to appear or otherwise defend appellee's action would defy common sense, and, at a minimum, place form over substance." *Id.* at 313, 724 S.W.2d at 178–79.

Although appellants answered the original complaint along with requests for admissions, the amended complaint added numerous additional factual allegations in support of the same causes of action. The initial complaint consisted of fourteen pages and sixty-three numbered paragraphs, while the amended complaint consisted of thirty pages and 146 numbered paragraphs. In addition, the amended complaint expanded the relief sought to include various items of personal property in addition to the Edward Jones accounts that were sought in the initial complaint. Appellants did not file any timely response to the amended complaint, in contrast to *Tapp* where a Rule 12(b) motion was filed along with a summary-judgment motion and supporting affidavits.

Another case cited by appellants, although cited for a general proposition of law, is more helpful to the present case because it specifically involved an amended complaint. *See Winters v. Lewis*, 260 Ark. 563, 542 S.W.2d 746 (1976). In *Winters*, our supreme court reversed the entry of a default judgment where the amended complaint "added nothing to the original complaint except the identification of the appellant" and the amendment "did not state any new or different cause of action or any new factual basis for the recovery sought." *Id.* at 567, 542 S.W.2d at 749. The supreme court stated that it had previously found that "substantial compliance by a defendant with statutory requirements to be sufficient to avoid the harshness of a default judgment in several instances." *Id.* at 568, 542 S.W.2d at 749. The court found substantial compliance in *Winters*:

> When we consider the entire record, including the answer to the complaint, the limitation of the amendment to identification of W Feeders, the admissions in Winters' subsequent answer, and the lapse of time before a default was sought, we find that there was a waiver of strict compliance with the statutory requirements and that there was substantial compliance sufficient to bar a default judgment.

*Id.* at 569, 542 S.W.2d at 750.

The facts presented here differ from *Winters* because the amended complaint did add numerous factual allegations. *See also Taylor v. Edoe, Inc.*, 264 Ark. 746, 751–52, 574 S.W.2d 894, 897 (1978) (agreeing with circuit court "that there was no default since [the appellee] had answered the first answer and cross-complaint filed which was identical in all respects to the second one").

In reaching a decision in this case, we must acknowledge that these supreme court cases (*Winters*, *Taylor*, and *Tapp*) were decided under prior law where default judgment was mandatory. Rule 55 was amended in 1990, making default judgment discretionary rather than

mandatory. Although the supreme court cases mentioned above were decided under the prior version of the Rule, they remain instructive and applicable to the present case.

Rule 15(a) requires a party to plead in response to an amended pleading, but appellants failed to file a timely answer to the first amended complaint. Rule 8(d) provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied, either generally or specifically, in the responsive pleading." Here, appellants failed to timely respond to the first amended complaint, and the allegations are deemed admitted under Rule 8(d).

After carefully considering our rules of civil procedure along with supreme court cases that either set aside a default judgment or found no default where there were very limited changes to the amended pleading, we cannot say that the circuit court abused its discretion in refusing to set aside the default judgment in the present case.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Robert A. Newcomb*, for appellants.

*Humphries, Odum & Eubanks*, by: *Brent J. Eubanks*, for appellees.

8