PAULA RUTH DAVIS *v.* MILTON DALE DAVIS

5-5194                                                    451 S. W. 2d 214

Opinion delivered March 9, 1970

*Paul F. Henson,* for appellant.

*W. J. Walker,* for appellee.

GEORGE ROSE SMITH, Justice. This is a child custody proceeding. The parties were married on November 23, 1967. Their child, a son, was born the following July 7. The couple lived together only a few months in all, with Mrs. Davis making her home at intervals with her parents.

Davis obtained a divorce on March 6, 1969, and,

with Mrs. Davis's consent, was awarded custody of the infant. Davis is a resident of Little Rock, but he has found it necessary to place the child in the care of his parents, who live at Vandervoort, in Polk county. Davis visits his son there on weekends. No one questions the suitability of the home in which the child is being brought up.

On May 13, 1969, Mrs. Davis filed a petition asking that she be awarded the custody of her son, who was then about ten months old. After a protracted hearing the chancellor refused the mother's request for a complete change of custody but did direct that she have rather extensive visitation privileges for two six-week periods each year. The order permits the appellant, during those semiannual periods, to keep the child in her home, where she lives with her second husband. For reversal the appellant insists that she should have been given complete custody of the child and that in any event she is entitled to support money during the visitation periods.

After having carefully studied the testimony we are convinced that its narration would be more harmful than beneficial to everyone in the case. It is enough to say that the undisputed proof—much of which is admitted—discloses such behavior on the part of the appellant, and to some extent on the part of her present husband, as to justify the chancellor in concluding that the child's best interest would not be served by an award of permanent custody to the mother. Charges and countercharges were freely made by the witnesses for each side. In such a situation the chancellor, having seen the parties and the witnesses as they testified, is in an immeasurably better position to decide the issues than are the members of this court. We cannot say with assurance that the chancellor's disposition of this case was against the weight of the evidence.

Nor does it appear that the trial judge was demonstrably wrong in not requiring the father to contribute

to the child's support during the mother's semiannual periods of visitation. It makes no real difference whether we regard those interludes as periods of visitation or as instances of divided custody, for both the fixing of visitation rights and the determination of the amount of child support are matters lying within the sound discretion of the chancellor. *Robbins* v. *Robbins,* 231 Ark. 184, 328 S. W. 2d 498 (1959). It must be remembered that such brief absences on the part of the child from his permanent home do not relieve the father from the duty of maintaining that home in readiness for the child's return. Upon this point we defer to the chancellor's sound judgment, for we find no manifest abuse of his discretion in the matter.

Affirmed, the parties to bear their own costs.