Shannon L. (Hampton) BROWN *v.* Kevin Gene ASHCRAFT

CA 07-782 272 S.W.3d 859

Court of Appeals of Arkansas
Opinion delivered January 30, 2008

*Benjamin D. Hooten*, for appellant.

*Paul Petty*, for appellee.

KAREN R. BAKER, Judge. Appellant Shannon L. (Hampton) Brown challenges the trial court's removal of a condition in a previous visitation order requiring that appellee Kevin Gene Ashcraft be present during his visitation with the parties' minor child and not absent for extended periods of time or overnight. For the reasons stated herein, we find no error and affirm.

The initial visitation order in this case was entered as a result of appellant's petition to establish paternity for the minor child. The child was born December 11, 2001, and the order establishing paternity and setting visitation was filed of record on September 22, 2003. This order contained the following provision: "That defendant shall be present with the minor child during visitation and shall not be away from the minor child for any extended period of time or overnight." This original order was subsequently modified in an agreed order for modification filed on May 11, 2005. This order modified provisions addressing mid-week visitation, Christmas vacation, and transportation for visitation. The restriction requiring appellee's presence during visitation was not modified and the trial court admonished that "all previous orders of the Court not specifically modified herein shall remain in full force and effect."

On March 9, 2007, appellee filed a petition for contempt against appellant alleging that appellant had failed and refused to allow appellee visitation with the parties' minor child. In defending against the charge of contempt, appellant relied upon the provision in the order requiring appellee's presence for visitation and his extended absences while fulfilling his responsibilities as a

truck driver. In denying appellee's petition from the bench, the trial court found that appellant had "done nothing wrong. She's followed the order as it was written ...." However, the trial court removed the provision restricting appellee's visitation to times when he would be physically present. In removing the restriction, the trial court stated the following from the bench:

> It's always been this Court's position that a non-custodial parent's time is his time or her time, whatever the case may be, to spend with the child and to acquaint that child with their side of the family. That's a very short period of time. I don't view that as grandparent visitation, that's just his family's time to visit. As long as he has the child in an appropriate environment with appropriate people to supervise then I don't have a problem with that, other than, Mr. Ashcraft, if it's your weekend and if you're working, Ms. Brown has every right to know where the child is — and be able to contact the child and know who is supervising the child. That's how I handle these type of cases, I always have, and I don't see any reason to deviate from that today.

Although appellee did not file a petition to modify visitation, appellant never objected at trial or on appeal that the modification was entered without petition nor that consideration of the modification was improper. From our review of the record, it is clear that the issue was tried by consent. Rule 15(b) of the Arkansas Rules of Civil Procedure allows for issues not raised by the pleadings to be tried by consent:

> **(b) Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion. The court may grant a continuance to enable the objecting party to meet such evidence.

Ark. R. Civ. P. 15(b) (2007).

Accordingly, the issue of modification was tried by consent of the parties. Furthermore, appellant has neither objected to the modification by challenging the trial court's finding that there was

a change of circumstances nor by asserting that the change was not in the child's best interest. On appeal, appellant asks this court to reinstate the restriction that appellee must be present during visitation and not gone for extended periods of time or overnight because our case law and statutes clearly prohibit awarding visitation rights to other family members absent certain safeguards that were not present here. She argues that the trial court erred when it stated that, as long as the child is with an appropriate person, then other family members should be allowed to exercise visitation absent the non-custodial parent. In asserting error, appellant focuses on the effect of the removal as providing visitation with parties who are not subject to the court's order by virtue of their failure to intervene.

We do not agree with appellant's characterization that the removal of the restriction was in essence an award of grandparent visitation. As appellant acknowledges, the visitation period primarily affected is the Christmas and summer vacation times when appellee's work schedule requires that he be gone for days at a time. Nothing in the order awards visitation to the grandparents or other family members, nor does it prohibit appellant from seeking a future modification of the existing visitation provisions, if appellee's work schedule causes difficulties in the future.

The trial court's removal of the restriction was consistent with the court's continuing responsibility in visitation matters. The trial court maintains continuing jurisdiction over visitation and may modify or vacate those orders at any time when it becomes aware of a change in circumstances or of facts not known to it at the time of the initial order. *Meins v. Meins*, 93 Ark. App. 292, 218 S.W.3d 366 (2005). Determining whether there has been a change of circumstances that materially affects the child's best interest requires a full consideration of the circumstances that existed when the last order was entered in comparison to the circumstances at the time the change is considered. *See Blair v. Blair*, 95 Ark. App. 242, 235 S.W.3d 916 (2006). Furthermore, the party seeking the modification has the burden below to show a material change in circumstances warranting the change in visitation. *See Hepp v. Hepp*, 61 Ark. App. 240, 968 S.W.2d 62 (1998). The party seeking the change also has the burden to show that the modification is in the best interest of the child. *See Bennett v. Hollowell*, 31 Ark. App. 209, 792 S.W.2d 338 (1990).

Important factors to be considered in determining reasonable visitation are the wishes of the child, the capacity of the party

desiring visitation to supervise and care for the child, problems of transportation and prior conduct in abusing visitation, the work schedule or stability of the parties, and the relationship with siblings and other relatives. *Marler v. Binkley*, 29 Ark. App. 73, 776 S.W.2d 839 (1989). The establishment of visitation rights is a matter that lies within the sound discretion of the trial court. *Davis v. Davis*, 248 Ark. 195, 451 S.W.2d 214 (1970).

 In this case, the parties were in conflict over the restriction and its application to the present facts and circumstances. The trial court's discussion of the appropriateness of the individuals to whom appellee delegated his supervisory duties, the environment in which that supervision was performed, and the desirability of strong relationships with the extended family demonstrates the trial court's proper evaluation of the factors to be considered in its decision. Accordingly, we find no error in the trial court's decision and affirm.

Affirmed.

PITTMAN, C.J., and GLADWIN, J., agree.