

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–337

| | | |
|---|---|---|
| | | **OPINION DELIVERED** FEBRUARY 25, 2015 |
| OKSANA HACKNEY | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTEENTH DIVISION [NO. 60DR2010-1912] |
| V. | | HONORABLE VANN SMITH, JUDGE |
| JOSH HACKNEY | APPELLEE | AFFIRMED; MOTION TO STRIKE DENIED |

## ROBERT J. GLADWIN, Chief Judge

Oksana Hackney appeals the Pulaski County Circuit Court's order of February 7, 2014, clarifying appellee Josh Hackney's visitation with the parties' minor son. On appeal, she argues that the trial court erred by: (1) modifying previous orders without a motion; (2) modifying previous orders without finding a material change in circumstances; and (3) requiring the child to travel from Houston, Texas, to Lonoke, Arkansas, twice a month. We affirm.[1]

### I. *Procedural History*

The parties were divorced on December 9, 2010, and appellant was awarded sole physical custody of the parties' minor son, J.H., born November 2, 2006. Appellee was

---

[1]Appellant's pending motion to strike appellee's supplemental abstract and addendum or alternatively allow appellant to file a substitute brief is hereby denied.

SLIP OPINION

awarded visitation that included alternating weekends, alternating Christmas holidays, alternating Thanksgiving holidays, and two weeks in the summer. Appellant later remarried and moved with the child to Houston, Texas.

By order dated August 21, 2013, the circuit court ruled on appellee's motion for modification and contempt and appellant's motion for contempt. Paragraph 31 of that order states:

> The Court orders that the [appellant] be responsible for the transportation expenses for the minor child one time per month in the months of September, October, January, February, March or April, depending when spring break falls, and May of each year. The parties shall split all transportation expenses related to the summer visitation, Thanksgiving, Christmas and spring break holiday transportation.

Appellant filed a motion for clarification and for other relief on September 3, 2013, and asked for, among other things, clarification of paragraph 31 of the August 21, 2013 order, requesting whether the court modified appellee's visitation to one weekend per month, as the decree allowed for alternating weekends. On October 3, 2013, an order was filed stating in paragraph 12 as follows:

> The [appellant] asks the Court to clarify paragraph 31 of the Order. The Court finds that paragraph 31 accurately states the Court's order regarding the payment of the transportation expenses. Paragraph 31 does not limit the [appellee] from traveling to Houston, Texas at his sole expense to visit the minor child at any other time consistent with the parties' Divorce Decree and Property Settlement Agreement.

On October 31, 2013, appellant filed a motion for modification and other relief requesting that the child be scheduled only on non-stop flights; that the flights be scheduled by 5:00 p.m. on Friday or later; and that the circuit court state explicitly how many weekend flight visitations appellee should receive per month.

On November 4, 2013, appellant filed a notice of appeal, citing both the August 21, 2013, and October 3, 2013 orders. Appellee filed a notice of cross-appeal on November 12, 2013. That appeal was dismissed.[2]

On November 18, 2013, appellee filed a motion for contempt against appellant, claiming that appellant was withholding his alternating-weekend visitation, allowing only one weekend of visitation per month. Appellant responded, asking that the contempt motion be dismissed because, she claimed, the amendment and clarification of the divorce decree clearly limited appellee to one weekend visit per month in Arkansas. Appellee responded to the dismissal motion by claiming that, even though appellant had filed a motion to modify the visitation, she chose to grant appellee only the visitation that suited her without the benefit of a ruling on her request. He also argued that appellant waived her request to modify visitation in her notice of appeal filed November 4, 2013, by abandoning any pending but unresolved claims.

Appellant filed a motion for sanctions pursuant to Arkansas Rule of Civil Procedure 11 (2013), arguing that appellee's criminal contempt motion was in violation of the Rule because the circuit court's orders regarding visitation were subject to reasonable interpretation, and violation of those orders was not criminal, but civil.

A hearing was held on appellee's motion for criminal contempt, appellant's Rule 11 petition, and the issue of visitation on January 6, 2014, and continued on February 3, 2014.

---

[2]Appellee filed a motion with this court to dismiss the appeal based on lack of finality related to issues not subject to this appeal. We granted the motion to dismiss the appeal on August 20, 2014.

SLIP OPINION

Both parties testified, as did appellee's wife, Stephanie Hackney. Based upon the testimony and on appellant's motion to reconsider and motion for clarification, by order filed February 7, 2014, the circuit court found the following:

3.      It has now become necessary to specifically set forth visitation for the [appellee]. The [appellee] is entitled to the following visitation:

    a.      The [appellee] shall have visitation two (2) times per month in the months of September, October, January, February, March or April depending when spring break falls, and May of each year. That visitation will occur on the first weekend of those specific months. Two weeks later, the [appellee] is entitled to another visitation with the minor child either at his home in Lonoke, Arkansas or any other location that the [appellee] desires. In November and December, [appellee] will have one (1) weekend visitation plus a Thanksgiving and Christmas visit as discussed below. The weekend visit will be at [appellant's] expense.

    b.      The [appellant] will be responsible for the transportation on the first weekend visitation of each month and the [appellee] shall be responsible for the transportation on the second weekend visitation of each month.

    c.      On these visitations, the airplane ticket, if that is the mode of transportation to be used, shall be a nonstop, direct flight from Houston to Little Rock and return at a time leaving Houston so that the child will not have to miss any school on Friday. From the testimony of the parties, there is currently a Southwest Airline flight that leaves at Houston Hobby at approximately 5:00 p.m. This allows the child to complete his school on Friday and arrive at the airport to complete the necessary paperwork for boarding.

    d.      The return flight from Little Rock to Houston can be made as late as is reasonable.

    e.      The cost of the second visit of each month shall be at the expense of the [appellee].

 

The order continues to specifically set forth the visitation on three-day weekends, spring break, Mother's Day and Father's Day, summer visitation, Thanksgiving, and Christmas. The order denied appellant's motion for Rule 11 sanctions and denied appellee's motion for criminal contempt. Appellant filed her notice of appeal on February 18, 2014, and no notice of cross-appeal was filed. This appeal followed.

## II. *Standard of Review*

The Arkansas Supreme Court stated in *Moix v. Moix*, 2013 Ark. 478, at 9, 430 S.W.3d 680, 685:

> In domestic relations cases, we review the evidence de novo and will not reverse the circuit court's findings unless they are clearly erroneous. *Brown v. Brown*, 2012 Ark. 89, 387 S.W.3d 159. We also give special deference to the circuit court's superior position in evaluating the witnesses, their testimony, and the child's best interest. *Id.* Because a circuit court maintains continuing jurisdiction over visitation, it may modify or vacate a prior visitation order when it becomes aware of a material change in circumstances since the previous order. *Id.* The party seeking modification has the burden of demonstrating such a material change in circumstances. *Id.* With regard to visitation, the primary consideration is the best interest of the child. *Id.* Important factors for the court to consider in determining reasonable visitation are the wishes of the child, the capacity of the party desiring visitation to supervise and care for the child, problems of transportation and prior conduct in abusing visitation, the work schedule or stability of the parties, and relationship with siblings and other relatives. *Id.* We have held that fixing visitation rights is a matter that lies within the sound discretion of the circuit court. *Id.*

## III. *Modification of Visitation*

Citing Arkansas Rule of Civil Procedure 7 (2014), appellant contends that the circuit court erred by modifying visitation without a written motion. She argues that she was not placed on notice that the circuit court was to consider a modification and had no opportunity to prepare a defense or accomplish any discovery.



Appellee points to appellant's October 31, 2013 motion asking that the child be booked only on nonstop flights; that the departure flights not leave before 5:00 p.m. from Houston; and that the court specifically state the number of weekend-flight visitations allowed per month. Appellee contends that the circuit court granted each of these requests. Further, appellee asserts that the circuit court's order denied his contempt motion, finding that there were legitimate questions of interpretation.

The circuit court addressed these issues on the basis of appellant's request, as she asked for clarification of the circuit court's orders, and discussion at the January 2014 hearing acknowledged that certain issues would be raised in February 2014. We hold that modification of visitation was tried by consent of the parties, and the circuit court had the authority to modify its visitation orders. *See Brown v. Ashcraft*, 101 Ark. App. 217, 272 S.W.3d 859 (2008) (where the father filed a petition for contempt alleging that the mother refused him visitation, but did not file a petition to modify; the mother never objected on this basis, either at trial or on appeal, and, thus, the issue was tried by consent).

IV. *Material Change in Circumstances*

Appellant contends that there must be a material change in circumstances before visitation might be modified. She notes that appellee argued throughout that there could be no modification because no material change of circumstances had occurred. She argues that the decree gave appellee alternating weekend visitation. The October 3, 2013 order granted him access to the child in Houston, unless it was the once-a-month visitation when the child traveled to Arkansas under the August 21, 2013 order. She claims that the circuit court

6



decided to review the issue of visitation on its own when it became concerned with lack of holiday visitation. She argues that there was never any testimony regarding a change of circumstances.

Appellee argues that appellant's noncompliance with his alternating-weekend visitation was a change in circumstances warranting resolution. He contends that the circuit court had continuing jurisdiction to resolve visitation issues and could properly modify its orders at any time that it became aware of this change in circumstances and these facts not known to it at the time of the initial order. *Brown, supra.* We agree with appellee's argument. Further, we note that any modification of appellee's visitation was due to the child's having moved to Houston, which was a material change from the circumstances of the original visitation order found in the divorce decree. The continued request for clarification of the circuit court's order resulted in the circuit court's legitimate expression of its authority over visitation, which is based on the child's best interest.

### V. *Air Travel*

Appellant argues that the circuit court erred in requiring the child to travel from Houston, Texas, to Lonoke, Arkansas, twice a month. She argues that the child is only seven years old; has mild autism; attends a specialized school in Houston; had been held back because of his poor reading skills; receives speech therapy three times per week; has a reading tutor twice a week; and has swim team on Tuesday and Thursday. On visitation weekends, the child must be driven an hour and a half to the airport, spend one hour boarding as an unaccompanied minor, then fly to Little Rock. Once he arrives, he must be driven to

Lonoke. On Sunday, he must repeat the process. Appellant argues that this traveling is not in the child's best interest.

Appellee cites *Rebsamen v. Rebsamen*, 82 Ark. App. 329, 107 S.W.3d 871 (2003), as squarely on point. In *Rebsamen*, the custodial parent moved out of state, and the circuit court granted generous visitation, noting the public policy consideration of preserving and maintaining a parent–child relationship between the child and the noncustodial parent. *Id.* at 336, 107 S.W.3d at 875. Our court wrote, "Appellant is correct when she worries about a young child frequently flying between Baltimore and Little Rock, but we are not convinced that such concerns outweigh the importance of fostering a good and working relationship between Dalton and appellee, his father." *Id.* at 337, 107 S.W.3d at 876. Acknowledging the special deference given to the circuit court's superior position in evaluating the witnesses, their testimony, and the child's best interest, we hold that the circuit court committed no error in establishing the specific visitation rights that appellee may utilize.

Affirmed; motion to strike denied.

KINARD and BROWN, JJ., agree.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.

*Tripcony, May & Associates*, by: *James L. Tripcony*, for appellee.