PHILLIP T. WHITEAKER, Judge
Appellants Patrick and Colleen Briney appeal the Washington County Circuit Court's granting of a motion for default judgment on the counterclaim of appellee Michael Bauer. Specifically, the Brineys contend the court abused its discretion in finding they inexcusably failed to file a timely answer to the counterclaim, and in striking their answer to the counterclaim. We affirm.
We provide the following summary of the proceedings for purposes of our analysis. The Brineys filed a complaint and a first amended complaint against Bauer, alleging breach of contract, fraud, and constructive fraud.[1] Bauer filed a timely answer. He also filed a counterclaim against the Brineys, alleging breach of contract, conversion, and unjust enrichment, and requesting injunctive relief. Both the answer and the counterclaim were filed on January 2, 2018. The Brineys filed their answer to the counterclaim on February 6, 2018, at 12:56 p.m., and at 3:38 p.m. that day, they filed a motion to extend their time to file an answer to the counterclaim. Bauer filed a motion for default judgment, and he filed a motion to strike the Brineys' answer to his counterclaim because it was untimely filed. After a hearing on the motions, the circuit court entered an order on April 18, 2018. The court found that the Brineys' motion to extend the time to file an answer to Bauer's counterclaim was untimely and was therefore denied; the circuit court granted Bauer's motions for default judgment and to strike the Brineys' answer to his counterclaim. On May 2, 2018, the Brineys filed a motion for relief from judgment and order, requesting that under Rule 60(a) of the Arkansas Rules of Civil Procedure the circuit court vacate the April 18 order and allow their answer to be filed timely. The circuit court did not rule on this motion. The Brineys filed their notice of appeal on June 29, 2018.[2]
I. Jurisdictional Question
We must first determine if we have jurisdiction to hear this appeal. Bauer asserts the Brineys' notice of appeal was untimely filed. We disagree. The court entered the order from which this appeal ensues on April 18, 2018, a Wednesday. On May 2, 2018, the Brineys filed a motion for relief from judgment pursuant to Rule 60(a) of the Arkansas Rules of Civil Procedure, which was not ruled on by the circuit court.[3] Thus, the Brineys filed their Rule 60 motion fourteen days after the filing of the court's order. The question is whether this filing was timely under our rules. We conclude that it was.
In reaching this conclusion, we consider both *633 Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure-Civil and Rule 6(a) of the Arkansas Rules of Civil Procedure. Rule 4(b)(1) provides that if a party files a motion to vacate, alter, or amend the judgment within ten days after entry of the judgment, the time for filing a notice of appeal shall be extended for all parties; if the motion is neither granted nor denied within thirty days of its filing, the motion shall be deemed denied by operation of law on the thirtieth day, and the notice of appeal is to be filed within thirty days from the date the motion was deemed denied. Rule 6(a) provides that in computing the time period, the day the order is entered is not counted, but the last day of the period is counted, and when the period prescribed is less than fourteen days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation.
Applying these rules to the procedural history presented, the Brineys filed a timely appeal. The day the order in question was entered, April 18, 2018, is not included in the calculation, and two Saturdays and two Sundays are also excluded. The motion was filed on May 2, the tenth day. Thirty days later, on June 1, the motion was deemed denied. The Brineys filed their notice of appeal on June 29, making it timely.
II. Standard of Review
The standard of review for considering whether a motion for enlargement of time should have been granted and whether a default judgment was properly granted is whether the circuit court abused its discretion. Layman v. Bone , 333 Ark. 121, 967 S.W.2d 561 (1998).
III. Discussion
The Brineys argue the circuit court abused its discretion because it stated on the record that it did not have an option or choice but to deny their motion for extension of time, as the answer to the counterclaim was filed outside the allotted time and because there was not a mistake, inadvertence, surprise, excusable neglect, or other good cause to not file for an extension within the timeframe. The Brineys contend the court then compounded its error because the order states only that their motion for extension of time was untimely and failed to make a written ruling on whether there was a valid reason for the late filing, such as mistake, inadvertence, surprise, excusable neglect, or other good cause. Thus, the Brineys argue that the circuit court misconstrued Arkansas Rule of Civil Procedure 6(b)(2), which resulted in an abuse of discretion in denying them a trial on the merits of Bauer's counterclaim, and that the order striking the answer to Bauer's counterclaim should be reversed. They specifically argue they should be allowed to file their answer in a timely manner, and the order granting default judgment should also be reversed. We disagree.
Here, the circuit court conducted a hearing on Bauer's motion to strike the Brineys' answer to the counterclaim. At this hearing, the parties agreed February 5 was the deadline for the Brineys' answer to be filed, and both the answer and the motion to extend time were filed on February 6.
David Nixon, the Brineys' attorney, provided the following explanation for this delay: the Brineys had provided a large quantity of electronic documents to his office; he needed to review the documents in preparing the answer to the counterclaim; he experienced computer issues; he was unable to access the documents on the February 5 deadline but was able to access them the next day on February 6, at which time he filed both the answer and the motion for extension of time. When asked why he did not file a motion to extend the time for filing the answer on February 5, *634 Nixon told the circuit court he did not think about it. Despite this answer, Nixon claimed his inability to access the documents amounted to excusable neglect under Rule 6(b)(2) of the Arkansas Rules of Civil Procedure, and if his motion to extend time was granted, all the other motions would be moot.
Bauer responded through counsel that the Brineys had clearly not filed a timely answer, that under Rule 6 a motion for extension of time must be filed within the original time allotted for filing the responsive pleading, that the Brineys did not file their motion for extension within the original time allotted, and that they had failed to prove excusable neglect.
The circuit court stated that a motion for extension of time under Rule 6(b)(1) was required to be filed before the original filing period expired, and both parties agreed that was not done. Noting that it was allowed discretion to consider the reason why the answer was filed outside the allotted time, the circuit court stated the only reason given for not filing a timely answer was simply that Nixon did not think about it, which was not mistake, inadvertence, surprise, excusable neglect, or other good cause. The circuit court then concluded that it had no choice but to deny the extension of time to file the answer, as it was filed outside the allotted time, and there was no mistake, inadvertence, surprise, excusable neglect, or other good cause for not filing an extension within the time frame. We find no error in the court's analysis.
Arkansas Rule of Civil Procedure 6(b) (2018) provides,
(b) Enlargement. When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause, but it may not extend the time for taking an action under Rules 4(i), 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.
The circuit court clearly discussed and determined that no Rule 6(b)(2) exception applied to the facts of this case. It is true the Brineys' attorney had computer problems on the day the answer to the counterclaim was due. However, this difficulty only explains why the answer was not filed within the allotted time. It does not explain why the motion to extend was not filed before the expiration of the allotted time. In fact, the only reason a motion to extend time was not filed before the answer was due was simply that Nixon did not think to file it. The court determined that this reason did not fall into one of the exceptions in Rule 6(b)(2). Because the motion for extension of time was made after the expiration of time for the Brineys' answer to be filed and because the reason for delay in its filing did not fall within one of the exceptions in Rule 6(b)(2), the circuit court did, in fact, have no option but to deny the motion for extension of time.
The Brineys spend much of their brief citing federal cases involving relief from orders and judgments. However, it is not necessary to delve into a discussion of those cases, as our supreme court has ruled on this issue. In Layman , supra , our supreme court affirmed the circuit court's refusal to enlarge Layman's time to answer and the striking of his answer as untimely when Layman's attorney relied *635 on erroneous information given to him by his client as to when he had been served, holding that any failure to file an answer could be presumably referred to as a mistake, as an error of some sort caused an untimely filing, but such an interpretation would deprive the circuit courts of discretion, which was not the intent behind the rule. The supreme court further held that while Rule 6(b)(2) enlarged the discretion of circuit courts to permit late answers, "it did not require them to permit such answers in any circumstance." 333 Ark. at 126, 967 S.W.2d at 564.
In Allen v. Kizer , 294 Ark. 1, 740 S.W.2d 137 (1987), our supreme court held that a late filing was not due to excusable neglect, unavoidable casualty, or other just cause when an attorney dictated a final draft of an answer to his secretary but, due to a personnel matter within the office, failed to timely file the answer. The supreme court further held the fact the answer was filed only one day late was of no consequence.
In Eusanio v. Tippin , 2013 Ark. App. 38, 425 S.W.3d 838, this court affirmed the circuit court's denial of Eusanio's motion for an enlargement of time to answer, striking the answer and holding him in default. In that case, the attorney was distracted by the early birth of his child and did not timely file the answer. Even though the attorney had given instructions to his office on how to file a motion for extension of time, the motion was mailed to the circuit court instead of being faxed, arriving at the circuit court one day after the answer was due. This court held there was no record demonstrating why one of Eusanio's several attorneys could not have ensured the timely filing of the motion.
The Brineys also argue the default judgment should be reversed. At the hearing on the motions, the Brineys argued that they had a meritorious defense under Rule 55 of the Arkansas Rules of Civil Procedure. They also contended the circuit court was not required to enter default judgment, as there is a clear preference to decide cases on the merits rather than technicalities, and the default was largely technical as the answer was filed only twelve hours late. We now turn our attention to Rule 55 of the Arkansas Rules of Civil Procedure to address these arguments.
Arkansas Rule of Civil Procedure 55 (2018) provides in pertinent part:
(a) When Entitled. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court.
....
(c) Setting Aside Default Judgments. The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.
We note that default judgments are not favored in the law and may be a drastic result. In essence, the Brineys argue granting a default here is a drastic remedy because the default was entered by mistake or neglect under Rule 55(c)(1). Appellate courts, however, have declined to set aside default judgments when the neglect or mistake is inexcusable. Eusanio , supra.
The circuit court did not abuse its discretion in denying the Brineys' motion for *636 extension of time because there was no mistake, inadvertence, surprise, excusable neglect, or other just cause for failure to file a timely answer; thus, it properly struck their answer, and we cannot say the grant of default judgment is an abuse of discretion. None of the other reasons for setting aside a default judgment apply to the facts of this case. As in Layman , it is not necessary to discuss whether the Brineys demonstrated a meritorious defense because the circuit court did not abuse its discretion in finding that none of the reasons set forth in Rule 55(c)(1) were applicable.
Affirmed.
Gruber, C.J., and Virden, J., agree.

They later filed a second amended complaint and a third amended complaint.

The Brineys filed a first amended notice of appeal on July 10.

We recognize that, unlike Rule 59 of the Arkansas Rules of Civil Procedure, Rule 60 has no "deemed denied" provision. Office of Child Support Enforcement v. Dickens , 2009 Ark. App. 195, 300 S.W.3d 122.