Cite as 2022 Ark. App. 302

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-21-349

| | |
|---|---|
| RICHARD G. GAWENIS<br><br>APPELLANT<br><br>V.<br><br>ZELDA WALLS LIVING TRUST<br><br>APPELLEE | Opinion Delivered August 31, 2022<br><br>APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. 71CV-20-119]<br><br>HONORABLE SUSAN WEAVER, JUDGE<br><br>AFFIRMED |

**RITA W. GRUBER, Judge**

Richard Gawenis appeals from an order striking his answer and entering default judgment against him and in favor of Donna Bryant, as trustee of the Zelda Walls Living Trust. Gawenis contends that the circuit court abused its discretion by presiding over Bryant's complaint for declaratory judgment because litigation involving the same parties, issues of fact, and issues of law was pending before a different division of the circuit court. We disagree and affirm the circuit court's order.

On October 29, 2020, Bryant, as trustee of the Zelda Walls Living Trust dated July 25, 2019 (the Trust), filed a complaint in the Van Buren County Circuit Court against Gawenis for a declaration as to the rights of the trustee and beneficiaries pursuant to the Arkansas Trust Code—specifically, Ark. Code Ann. § 28-73-201 (Repl. 2012)—and Ark. Code

Ann. § 16-111-101 (Repl. 2016), authorizing an action for declaratory judgment. The complaint alleged that Zelda Walls established the trust as the settlor, naming herself as trustee and nominating Bryant as successor trustee in the event of Ms. Walls's death or incapacity. Bryant alleged that the Trust was funded with extensive real property in Conway and Van Buren Counties and farming operations conducted on that property, attaching a copy of the Trust and deeds transferring the property to the Trust. She also alleged that Gawenis and his two sisters are children of Ms. Walls and the beneficiaries of the Trust. The complaint stated that Ms. Walls established a spendthrift trust for each of her three children, providing that the trustee had the sole discretion to make distributions. The intent of the spendthrift trusts was to preserve and keep the farm intact. Bryant also stated that the Trust had a no-contest provision providing that any beneficiary who brought suit against the Trust or Ms. Walls; contested the validity of the Trust; or sought to void, nullify, or set aside the Trust would receive nothing and be treated as if that beneficiary had predeceased Ms. Walls.

Bryant alleged that Gawenis had filed a petition for guardianship on October 7, 2019, in the Van Buren County Circuit Court, seeking to be appointed guardian over the person and estate of Ms. Walls. An order was entered that same day naming him emergency, temporary, and permanent guardian and declaring Ms. Walls incapacitated. On April 1, 2020, Gawenis moved to revoke the Trust within the guardianship action. He did not serve the Trust or the trustee with process or provide notice of either the guardianship or the motion to revoke the trust. On September 22, the court entered an order terminating and revoking the Trust.

In her complaint, Bryant asked the court to declare that the Trust is valid, that it was properly executed, that its terms and provisions are fully enforceable, that it is the owner of the real estate deeded to it, and that any guardian of the estate of Ms. Walls has no power or authority over the Trust property. She alleged that the order declaring Ms. Walls incapacitated and appointing Gawenis guardian of Ms. Walls's estate immediately elevated Bryant to the position of trustee under the tenth article of the Trust. She also alleged that the Trust is a necessary and indispensable party to any action to terminate it and that the Trust had moved to intervene and vacate the order. She alleged that the court had not ruled on either motion. Finally, she asked the court to enforce the no-contest clause in the Trust against Gawenis and declare that he had forfeited his rights under the Trust for moving to revoke the Trust.

The complaint and summons were served on Gawenis on October 30, 2020. Under Ark. R. Civ. P. 12(a)(1), Gawenis's answer was due "within 30 days after the service of summons and complaint upon him," which was November 30. Gawenis did not file an answer until December 9, ten days late. He did not acknowledge that his response was late, indicate that he had not been served or that he had not received the complaint, or offer any excuse for the late answer. He also simultaneously moved to consolidate the case with the guardianship action.

On December 23, Bryant moved to strike Gawenis's answer and for default judgment. She also filed a response to the motion to consolidate, stating that neither she nor the Trust had been served with a summons or notice in the guardianship case and that the court had

3

no personal jurisdiction over the Trust. She also alleged that the court in the guardianship proceeding had no subject-matter jurisdiction to revoke the Trust, that there was no mechanism for that type of motion in a guardianship proceeding, and that Gawenis was required to file a separate action against the Trust to revoke rather than a motion within the guardianship. She alleged that, in any case, Gawenis had defaulted by failing to timely file a responsive pleading in this case and could not "cure his default" by seeking to consolidate the declaration-of-rights case with his guardianship proceeding. Finally, she alleged that the only valid action before any court regarding the interpretation of the terms of the Trust was this action, that Gawenis was in default despite being properly served with process, and thus that he had waived any defenses. Gawenis did not respond to Bryant's motion.

The court set a hearing date of March 29 on Bryant's motion to strike Gawenis's answer and grant default judgment, providing notice to the parties' counsel through Eflex on March 22. Gawenis did not object to the date or move for continuance. Neither Gawenis nor his attorney appeared for the hearing, and the court entered an order on March 30 striking Gawenis's answer and granting Bryant's motion for default judgment. The court found that Gawenis's answer was filed ten days late; he offered "no excusable neglect, or any other reason, for his failure to comply with Rule 12"; and he was in default. The court then found that the allegations in Bryant's complaint are deemed admitted and ordered as follows:

> A. That the Zelda S. Walls Living Trust u/a/d[] July 25, 2019 was and is the valid, existing trust of Zelda S. Walls; that the Trust was created at a time when Zelda S. Walls had capacity to create the Trust, and it expresses her wishes; that it is enforceable in all respects, and has never been amended.

4

B. That the Plaintiff was the nominated Successor Trustee, and is now the Trustee of the Trust;

C. That, as Trustee, Plaintiff is tasked with carrying out the terms of the Trust; and

D. That the Real Property identified in this Complaint are assets of the Trust and subject to the control of the Trustee in accordance with the terms of the Trust; and

E. That the Defendant has no right to control any property placed into the trust by the Settlor, even if he is the Guardian of her estate; and

F. That because of the clear provisions of the "No Contest" clause of the trust the Defendant has forfeited any rights which he had or might have had under the trust.

Gawenis filed this appeal from the court's order, contending that the circuit court abused its discretion when it "entertained jurisdiction to preside over and to allow litigation" of Bryant's complaint. The standard of review for considering whether a default judgment was properly granted is whether the circuit court abused its discretion. *Briney v. Bauer*, 2019 Ark. App. 227, at 4, 575 S.W.3d 631, 633.

Gawenis argues that the circuit court abused its discretion in exercising jurisdiction over Bryant's complaint because litigation "involving the same parties, issues of fact, and issues of law was already pending" in Van Buren County Circuit Court, referring to the guardianship proceeding filed by Gawenis. He contends it is an issue of subject-matter jurisdiction and that the declaratory-judgment statutes do not confer subject-matter jurisdiction on the circuit court. He argues that it is clear Bryant was aware of the other

lawsuit from her complaint and claims that she cannot raise "identical issues already pending" before the circuit court.

We turn first to Gawenis's argument that the circuit court had no subject-matter jurisdiction over Bryant's complaint. The Arkansas Trust Code, specifically cited by Bryant in her complaint, provides,

> (a) A court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law.
>
> (b) A trust is not subject to continuing judicial supervision unless ordered by the court.
>
> (c) A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights.

Ark. Code Ann. § 28-73-201 (Repl. 2012). The editor's notes to this statute specifically provide as follows:

> While the Uniform Trust Code encourages the resolution of disputes without resort to the courts by providing such options as the nonjudicial settlement authorized by Section 111, the court is always available to the extent its jurisdiction is invoked by interested persons. The jurisdiction of the court with respect to trust matters is inherent and historical and also includes the ability to act on its own initiative, to appoint a special master to investigate the facts of a case, and to provide a trustee with instructions even in the absence of an actual dispute.
>
> Contrary to the trust statutes in some States, the Uniform Trust Code does not create a system of routine or mandatory court supervision. While subsection (b) authorizes a court to direct that a particular trust be subject to continuing court supervision, the court's intervention will normally be confined to the particular matter brought before it.
>
> Subsection (c) makes clear that the court's jurisdiction may be invoked even absent an actual dispute. Traditionally, courts in equity have heard petitions for instructions and have issued declaratory judgments if there is a reasonable doubt as to the extent

of the trustee's powers or duties. The court will not ordinarily instruct trustees on how to exercise discretion, however. *See* Restatement (Second) of Trusts Section 187, 259 (1959). This section does not limit the court's equity jurisdiction. Beyond mentioning petitions for instructions and actions to declare rights, subsection (c) does not attempt to list the types of judicial proceedings involving trust administration that might be brought by a trustee or beneficiary.

Ark. Code Ann. § 28-73-201 editor's notes, unif. law cmt. (West current through March 15, 2022). Gawenis has cited no authority involving a trust and nothing to contradict the clear intention of this statute. The circuit court clearly had subject-matter jurisdiction.

Moreover, we disagree with Gawenis's contention that his guardianship proceeding involved identical parties, issues of fact, and issues of law. Neither the Trust nor the trustee was ever served with process or made a party to the guardianship proceeding. And, of critical importance here, Gawenis failed to file a timely answer to Bryant's complaint asserting these or any other defenses, failed to respond to Bryant's motion to strike his answer and enter default judgment, and failed to attend the hearing on the matter. His answer, filed ten days late, offered no excuses for his failure.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the rules of civil procedure, the court may enter a default judgment against him. Ark. R. Civ. P. 55(a) (2021). Rule 55(c) provides that a default judgment may be set aside under the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. In its order striking Gawenis's answer and entering default judgment, the

7

court specifically found that Gawenis had offered no excusable neglect "or any other reason" for his failure to comply with Rule 12. We hold that the circuit court did not abuse its discretion in entering a default judgment under these circumstances.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*William Z. White*, for appellant.

*Legacy Law Group*, by: *Bryan J. Reis* and *Philip B. Montgomery*, for appellee.