Cite as 2024 Ark. App. 127

# ARKANSAS COURT OF APPEALS
### DIVISION III
No. CV-23-109

|  |  |  |  |
|---|---|---|---|
| DARLETTE EWING | | Opinion Delivered February 21, 2024 | |
| | APPELLANT | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCV-21-95] | |
| V. | | | |
| LEA SCHMALZ | | | |
| | APPELLEE | HONORABLE TERRY SULLIVAN, JUDGE | |
| | | AFFIRMED IN PART; DISMISSED IN PART | |

**CINDY GRACE THYER, Judge**

Darlette Ewing appeals the Logan County Circuit Court's entry of a default judgment against her and its award of attorney's fees. Ewing first claims that a default judgment should not have been entered because she timely "appeared" and sought to contest the action. She also claims that the equitable doctrines of waiver and laches preclude Schmalz's right to a default judgment. Next, she argues that the court erred in denying her motion to set aside the default judgment because the default here was largely technical, Schmalz was not prejudiced by any delay, and there is a meritorious defense to the action. Finally, she argues that the trial court erred in granting attorney's fees, claiming fees are not authorized in the type of case presented here. Because Ewing's arguments regarding the entry of default judgment and the award of attorney's fees have no merit, we affirm. However, because her

arguments regarding the court's denial of her motion to set aside are premature, we dismiss without prejudice that portion of her appeal.

## I. *Factual and Procedural History*

The underlying dispute in this case involves the ownership and possession of a 1979 Chevrolet Corvette. In July 2017, Frank Schluterman (Ewing's father) and Schmalz purchased the Corvette and titled it in both their names.[1] When Schluterman died in November 2020, Schmalz had a new title issued reflecting that she was the sole owner of the vehicle. Schmalz, however, was not in possession of the vehicle at that time; Ewing was. Schmalz requested that Ewing return the car to her on multiple occasions, but Ewing refused to do so.

On October 4, 2021, Schmalz, claiming to be the rightful owner of the car, filed suit against Ewing for replevin, conversion of personal property, unjust enrichment, and trespass to chattel. She sought return of the vehicle, damages, and attorney's fees. The court entered an order for delivery and set a hearing for December 1. Ewing was personally served with the summons, complaint, and accompanying documentation on November 30 and again at the hearing on December 1.

At the December 1 hearing, Ewing appeared and asked for additional time to hire an attorney. Schmalz did not object. The court then entered an order instructing Ewing to review the complaint and summons and "direct her actions accordingly." The court then

---

[1]Specifically, the car was titled: "Schluterman, Frank Edward or Schmalz, Lea."

continued the matter "until [Ewing] files an Answer in accordance with the Arkansas Rules of Civil Procedure, [Ewing] hires an attorney, and/or the parties contact the Court and request a hearing." The court noted that the Corvette (and its various parts and contents) was in the possession of Schmalz's mechanic and was to remain there pending further court order.

Ewing hired an attorney and eventually answered the complaint on January 11, 2022—forty-two days from the November 30 service date and forty-one days from the December 1 service date. On April 14, 2022, Schmalz moved for default judgment, arguing that Ewing had failed to timely file an answer and requesting, in part, the return of the vehicle, an award of damages, and an award of attorney's fees.

When Ewing failed to file a timely response to the motion, Schmalz's counsel contacted the court by letter dated May 6, 2022, and requested that the court enter her proposed order granting a default judgment or, in the alternative, set the matter for a hearing. Three days later, Ewing filed her response arguing that Schmalz lacked the authority to obtain a "retroactive" default judgment. She further argued that the court had granted her permission to file a late answer; thus, a default judgment was not appropriate.

Schmalz filed a reply, denying that the court had granted Ewing permission to file a late answer. To the contrary, she argued that the court had instructed Ewing to "read the Summons and direct her actions accordingly" and had continued the matter until she filed an answer "in accordance with the Arkansas Rules of Civil Procedure," hired an attorney, or the parties requested a hearing. She further denied that she was attempting a "retroactive"

default or that she had waived her entitlement to a default judgment by waiting until April to file the motion. Finally, Schmalz asked that Ewing's response be struck as untimely.

On October 19, 2022, the parties appeared for trial. However, before hearing testimony or taking any evidence on the merits of the action, the court entertained counsel's arguments on Schmalz's motion for default judgment.

Schmalz argued that Ewing had appeared at the hearing on December 1, confirmed that she had been served, and was instructed to review the documents, including the summons, and to direct her actions accordingly. Schmalz insisted that the court's subsequent order reflected that; yet Ewing's answer was filed more than thirty days after the date of service.

Ewing responded that default judgments are not favored and that the standard for granting a default is whether the party with the delayed response was ready to defend the litigation. Ewing asserted that she was not only ready to defend, but she had been defending against the action for more than a year. She argued that Schmalz lost whatever opportunity she had to seek such a drastic remedy by her delay in the filing of her motion and by her failure to seek relief at a hearing sooner than the day of trial. Ewing contended that she was prejudiced by this delay because she and her witnesses expended time and money preparing for trial. Finally, she argued that the court had the authority to grant leave for the filing of a late response, and the December 2021 continuance order appeared to toll the time in which to respond until after she obtained counsel; thus, her answer was not untimely. Notably, the record is silent as to when, exactly, Ewing retained counsel.

After hearing the arguments of counsel, the circuit court found that Ewing's answer was untimely. The court first noted that its December 2021 continuance order instructed Ewing to review the complaint and summons and to direct her actions accordingly. It further stated that the matter was continued until Ewing had filed an answer in accordance with the Arkansas Rules of Civil Procedure, hired an attorney, or the parties contacted the court requesting a hearing. The court found that nothing in that order granted Ewing the authority to file a late answer. As a result, the court held that Ewing was in default as to liability, and the court proceeded to the damages portion of the trial.

As part of the trial on damages, Schmalz testified as to the amount of attorney's fees and costs she incurred in an effort to recover the Corvette. Ewing argued that attorney's fees and costs were not recoverable, and to the extent they might be deemed recoverable, they were limited to the filing of the complaint and motion for default judgment. Schmalz argued that her counsel was entitled to recover fees for the time required to prepare for a hearing on default, for a trial on the merits, and to attempt to recover the vehicle short of litigation.

After hearing all the evidence, the trial court entered a final order and judgment ordering the return of the car to Schmalz and awarding Schmalz damages for the storage fees, the rental value, and the attorney's fees and costs incurred for having to file and litigate the matter. The court also awarded postjudgment interest on the award until paid in full. The "Final Order and Judgment" was filed on November 3, 2022.

On November 23, 2022, Ewing filed both a notice of appeal from the entry of the default judgment and a motion for reconsideration and to set aside the default judgment.

The circuit court did not rule on the posttrial motion prior to the record being lodged with this court.

## II. *Arguments on Appeal*

On appeal, Ewing claims that a default judgment should not have been entered because she timely "appeared" and sought to contest the action and that the equitable doctrines of waiver and laches preclude Schmalz's right to a default judgment. Ewing also argues that the default here was largely technical, that Schmalz was not prejudiced by any delay, and that there was a meritorious defense to the action; thus, the court erred in denying her motion to set aside the default judgment. Finally, she argues that the trial court erred in granting attorney's fees because fees are not authorized in the type of case presented here. Each of these arguments will be addressed in turn.

## A. Entry of Default Judgment

Ewing's first argument is a challenge to the circuit court's entry of a default judgment against her. Rule 55 of the Arkansas Rules of Civil Procedure provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court." Ark. R. Civ. P. 55(a). The standard of review for considering whether a default judgment was properly granted is whether the circuit court abused its discretion. *Gawenis v. Zelda Walls Living Tr.*, 2022 Ark. App. 302; *Briney v. Bauer*, 2019 Ark. App. 227, 575 S.W.3d 631.

Ewing contends that a default judgment was not warranted in this case because she appeared in the action and sought to contest it. As a result, she claims she satisfied the "appear or otherwise defend" language of Rule 55. We disagree.

First, it should be noted that the language of Rule 55 was amended in 1999, and the word "appear" was replaced with the word "plead."[2] Thus, the fact that Ewing appeared at the December 1 hearing is immaterial as to whether a default judgment was appropriate. Second, the reporter's notes to Rule 55 state that the word "plead" in Rule 55(a) has independent meaning from the phrase "otherwise defend" and that the latter is referring to the filing of motions. Ark. R. Civ. P. 55 addition to reporter's notes, 1999 amend.; *see also* Ark. R. Civ. P. 7(a) & (b) (distinguishing between pleadings and motions); *Tapp v. Fowler*, 291 Ark. 309, 312–13, 724 S.W.2d 176, 178 (1987) (holding that a default judgment was not proper against a defendant who had timely moved to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b), even if the defendant subsequently failed to file an answer after the motion was denied).

Here, it is clear that Ewing did not "plead" or "otherwise defend" in this action (as those terms are used in Rule 55) until her answer was filed on January 11, 2022—indisputably

---

[2]This change was made in an effort to "eliminate potential confusion stemming from the fact that appearance is also relevant under subdivision (b), which requires notice of a hearing on a motion for default judgment if the party against whom the judgment is sought has appeared in the action." Ark. R. Civ. P. 55 addition to reporter's notes, 1999 amend. (internal quotation omitted).

beyond the time permitted for doing so. As a result, the circuit court was within its power to grant a default judgment and did not abuse its discretion in doing so.

Ewing next argues that Schmalz waived her right to obtain a default judgment because she waited ninety days after the default occurred to file her motion seeking a default judgment and then waited nine months, until the day of trial, to seek a ruling on the motion. Ewing claims that in the intervening period, she was forced to hire an attorney to investigate and prepare for trial and that three witnesses had to travel two hours to attend the hearing. As a result, she claims to have been significantly prejudiced by Schmalz's delay in seeking a default. Thus, she maintains that Schmalz either waived her right to obtain a default judgment or her claim should be barred by the equitable doctrine of laches.

Here, Schmalz filed her motion for default judgment approximately three months after Ewing's untimely answer was filed. There is no evidence in the record that any action was taken between the filing of the answer and the filing of the motion for default judgment. When the time for filing of a response to the motion had passed and Ewing had not responded, Schmalz contacted the court and asked the court to either enter an order granting the default or set it for a hearing at the court's earliest convenience. Once Ewing responded to the motion, the court asked the parties to execute and return a joint pretrial report. Schmalz completed her portion of the pretrial report, but Ewing again failed to timely respond. Schmalz listed her request for the entry of default judgment as one of the outstanding disputes remaining to be decided. Once Ewing eventually completed her portion of the joint pretrial report, the court set the matter for hearing.

Again, Ewing's claims have no merit. First, Rule 55 provides no time limit on making a request for default judgment. Second, there is no evidence that Schmalz improperly sat on her request for a default judgment. Schmalz filed her motion relatively soon after the answer was filed and, when Ewing failed to respond, prepared a proposed order for the court to enter and requested a hearing. The court set the matter for a hearing in October. No more was required of Schmalz.

Regardless, Ewing has failed to show how she was prejudiced. While she claims to have been forced to unnecessarily prepare for trial, a hearing on damages was still required and was held immediately after the finding of default. Thus, it is unclear what prejudice was suffered.

B. Denial of Motion to Set Aside Default Judgment

Ewing next argues that the trial court erred in denying her motion to set aside the default judgment. For the reasons set forth below, this claim is premature.

Here, Ewing filed her motion for reconsideration and to set aside the default judgment on November 23, 2022—more than ten days after the "Final Order and Judgment" was entered. Unless a defendant has moved to set aside a default judgment within ten days of its entry, which did not happen here, then Ark. R. App. P.–Civ. 4(b)(1)'s "deemed denied" provision does not apply to the motion. *Ascentium Cap., LLC v. Marshall*, 2021 Ark. App. 94; *Skyridge Estates, LLC v. Ellis*, 2018 Ark. App. 182. Here the circuit court did not rule on the motion by written order before Ewing filed the appeal record with this court's clerk. Because the motion has not yet been adjudicated—whether by operation of law or by court order—

9

Ewing's appellate arguments for why the default judgment should be vacated are premature. Thus, without expressing any opinion on the merit of Ewing's unadjudicated motion to set the default judgment aside, we dismiss it for lack of jurisdiction.

## C. Attorney's Fees

Finally, Ewing argues that the trial court erred in awarding attorney's fees because the fees were not authorized by statute.[3] She asserts that Arkansas Code Annotated section 16-22-308 limits the award of attorney's fees in civil actions to actions for breach of contract, an open account, promissory notes, bills, and negotiable items. She states that cases for the recovery of property are not included in the statute.

Ewing, however, did not properly develop this argument in the circuit court. At trial, she simply asserted that our courts follow the "American rule"; that the court was not required to award fees unless the action was a contract action; and that the fees were too high. She did not argue, as she does here, that such fees are not authorized by statute and were, thus, unrecoverable. It is well settled that a party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Perrin-Reed v. Reed*, 2022 Ark. App. 24, 640 S.W.3d 15.

---

[3]The court in this case awarded Schmalz a total of $7084.27 for her costs and fees incurred "to compensate her for damages incurred as a result of having to file and litigate the present case." Of that $7084.27, $6020 was attorney's fees and $1064.27 was "costs." While Ewing challenges the $7084.27 in "fees" the court awarded, her arguments challenge only the court's award of attorney's fees, not costs.

In the alternative, she argues that the court's award of fees was too high. The decision to award attorney's fees and the amount to award is discretionary and will be reversed only if the appellant can demonstrate that the circuit court abused its discretion. *Harrill & Sutter, PLLC v. Kosin*, 2011 Ark. 51, at 17, 378 S.W.3d 135, 145. Here, Schmalz testified regarding the amount of fees she incurred in her effort to recover the vehicle. To support her claim, a bill for her attorney's fees was admitted into evidence. Thus, because there was evidence presented to support the court's award, we cannot find that the court abused its discretion when it determined the amount of fees to be awarded.

For the foregoing reasons, we affirm the court's entry of default judgment and award of attorney's fees. However, because Ewing's arguments regarding her motion to set aside are premature, we dismiss without prejudice that portion of her appeal.

Affirmed in part; dismissed in part.

GRUBER and BROWN, JJ., agree.

*The Firm, PLLC*, by: *S.L. Smith*, for appellant.

*Law Offices of Craig L. Cook*, by: *Brinkley Cook-Campbell*, for appellee.