Cite as 2024 Ark. App. 625

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-466

|  |  |  |
|---|---|---|
| MATTHEW KUSPER | | Opinion Delivered December 11, 2024 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-22-499] |
| V. | | |
| DR. GREGORY GUISBIERS | | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED IN PART; DISMISSED IN PART |

## MIKE MURPHY, Judge

Appellant Matthew Kusper appeals from the March 20, 2023 order striking his answer and counterclaim and granting appellee Dr. Gregory Guisbiers's motion for default judgment. Kusper makes three arguments on appeal: first, that the circuit court erred by not holding an evidentiary hearing or trial regarding his motion to dismiss pursuant to Arkansas Code Annotated sections 16-63-501 et seq. (Repl. 2005); second, that his communications were privileged, and therefore the injunction issued by the circuit court was inappropriate; and third, that the circuit court erred in striking his answer and counterclaim and granting default judgment. We agree with Kusper that striking his answer and counterclaim and granting default judgment was inappropriate under these circumstances, and we reverse and remand for further proceedings.

## I. *Background*

Kusper met Dr. Guisbiers at the University of Arkansas at Little Rock (UALR); Dr. Guisbiers was Kusper's physics Ph.D. advisor. Over time, the parties' relationship deteriorated. On April 27, 2022, Dr. Guisbiers filed a complaint against Kusper, alleging that Kusper was making untrue statements that Dr. Guisbiers was violating academic ethical codes. The complaint sought to enjoin and restrain Kusper from making further defamatory statements or lodging similar complaints against Dr. Guisbiers.

The complaint provided that, to date, the following had occurred: (1) Kusper had filed a Freedom of Information Act request with UALR seeking an email exchange between Dr. Guisbiers and the editor of a scientific journal concerning a paper, (2) Kusper had filed a complaint with the Arkansas Ethics Commission concerning Dr. Guisbiers, (3) a research integrity officer from UT San Antonio had contacted Dr. Guisbiers about a complaint made by Kusper at the United States Department of Health and Human Services Office of Research Integrity's Division of Investigative Oversight (ORI), (4) Dr. Guisbiers's laboratory was visited by an official with UALR to check its compliance with safety rules, and (5) the UALR whistleblower committee wanted to meet with Dr. Guisbiers.

An ex parte order granting a temporary injunction was entered two days later. That order found that Kusper was "actively defaming [Dr. Guisbiers] with untrue statements of fact" and immediately enjoined and restrained Kusper "from making defamatory statements about" Dr. Guisbiers.

Kusper then moved to strike the complaint and lift and dismiss the injunction pursuant to the Citizen Participation in Government Act, codified at Arkansas Code Annotated sections 16-63-501 et seq., asserting what is commonly known as "anti-SLAPP" immunity. SLAPP stands for strategic lawsuit against political participation. The law protects citizens from lawsuits that aim to discourage or punish them for exercising their constitutional rights, particularly the rights to free speech and to petition the government. Ark. Code Ann. § 16-63-502. It provides immunity from suit for "[a]ny person making a privileged communication or performing an act in furtherance of the right of free speech or the right to petition government for a redress of grievances under the United States Constitution or the Arkansas Constitution in connection with an issue of public interest or concern." Ark. Code Ann. § 16-63-504. "Privileged communication" is considered a communication made

> (i) In, to, or about an issue of public concern related to any legislative, executive, or judicial proceeding, or other proceeding authorized by a state, regional, county, or municipal government;

> (ii) In the proper discharge of an official duty; and

> (iii) By a fair and true report of any legislative, executive, or judicial proceeding, or other proceeding authorized by a state, regional, county, or municipal government, or anything said in the course of the proceeding.

Ark. Code Ann. § 16-63-503(2)(A). It also includes the following:

> (i) All expressions of opinion or criticisms in regard to any legislative, executive, or judicial proceeding, or other proceeding authorized by a state, regional, county, or municipal government; and

> (ii) All criticisms of the official acts of any and all public officers.

3

Ark. Code Ann. § 16-63-503(2)(B). Notably, it "does not include a statement or report made with knowledge that it was false or with reckless disregard of whether it was false." Ark. Code Ann. § 16-63-503(C).

In his motion to dismiss, Kusper alleged that in making the external complaints to government agencies, he was exercising his right to free speech and his right to petition the government for redress of his grievances. He stated that his communications were privileged and that they related "to various executive agency investigations in response to his formal reports of scientific research misconduct allegations and whistleblower retaliation."

A hearing on Kusper's motion to strike and dismiss was held on July 27, 2022. At that hearing, the court exclusively heard arguments from counsel. Dr. Guisbiers contended that the communications made by Kusper are defamatory and not protected by SLAPP. Kusper explained that whether the statements are ultimately true is immaterial because, as a Ph.D. candidate in physics, he is making the complaints in good faith with the best information available to him. In reaching its conclusion, the court stated from the bench:

> So I'm going to deny the motion. I'm going to leave the injunction in place. My interpretation with Mr. Kusper proceeds in good faith in telling the truth and it's up to the determination of the court on whether or not he has violated that injunction, by all means I would encourage him to continue to go forward.
>
> This is not intended to suppress his actions or his complaints or his opinions or his criticisms, but it is simply to say if those things are false and he knows they are false, then he should stop or there will be ~ could be potential repercussions. I think it's the opinion of the plaintiff ~ it's not the opinion of the court. I don't know anything about Tellurium – that they are false and I think this rides right in parallel with the anti-[SLAPP] statute. It just provides another border to that because we want people to speak up. We want people to speak up and stand up for themselves when they

4

believe there is wrong. But as a policy, we don't want people to speak up and blow the whistle when it's false. . . .

If we need to make case law on that, I feel that any government agency would stand behind that with the court. And again, I just want to repeat so there's no confusion. If Mr. Kusper believes in good faith that what he said is true, I would encourage him to participate in any of the investigative processes that are happening and in providing interviews and if you believe there are issues with those investigating bodies, it sounds like you're already taking proper steps to record those and to prepare transcripts to refute any outcome or results. But the plaintiff is just putting him on notice that if it is false, there could be repercussions.[1]

An order reflecting this ruling was entered on August 8. It provided, succinctly, that Kusper's motion to strike and dismiss was denied, and the injunction would remain in place until further order.

A three-day trial was set for the following April, but on November 1, Dr. Guisbiers moved for default judgment, arguing that Kusper had ten days from the entry of the August 8 order to file an answer, and he had not done so. Kusper filed an "amended answer" and a counterclaim on November 9, and Dr. Guisbiers moved to strike it. A hearing on the motion for default judgment and the motion to strike Kusper's amended answer and counterclaim was held on March 9, 2023. At the hearing, Dr. Guisbiers explained that there was no answer

---

[1]Earlier in the hearing the court had also stated:

That's the whole point of it and clearly these two gentlemen have their disagreement on the truth or falsity regarding this research and by filing this lawsuit, one can make the assumption that Dr. Guisbiers believes his research is true and it's based on ethically formed research processes. I don't know anything about the science of it. Mr. Kusper clearly believes that it's not true and that there are some ethical issues. As long as he holds the good faith belief that what he is saying is true, then he is not in violation of the injunction.

entered prior to his motion for default judgment, and there was no reason provided for the delay once the answer was entered. Kusper explained that, among other reasons, the motion to dismiss was a responsive pleading that substantiatively addressed the complaint; thus, default judgment should not be entered against him. The court took the matter under advisement.

An order was entered on March 20. That order provided that Kusper had ten days from the entry date of the order denying his motion to strike and dismiss to file an answer, an answer was not filed until eighty days after that date, and Kusper provided no reason for not filing a timely answer. The court acknowledged that default was not favored, and Dr. Guisbiers had suffered no prejudice from the delay. Even still, in reviewing the pleadings "using the liberalist of views" the court found that "the substance of these motions does not conform to the requirements of Ark. R. Civ. P. 8(b) wherein the Defendant was to admit or deny the averments upon which the adverse party relies." Using the factors for considering motions for default judgment, the circuit court then reasoned that "the extended period of time in not filing an Answer and the lack of any meaningful reason for not filing a response are the primary reasons for granting a default judgment in this case."

That same order also struck Kusper's amended answer and counterclaim:

16. Next, the Plaintiff has also filed a Motion to Strike the Defendant's Amended Answer and Counterclaim which was filed November 9, 2022 at the same time the Defendant also filed a pleading entitled Amended Answer. As stated previously, prior to filing of the Motion for Default Judgment, no Answer had been filed in the case.

17. Having granted the Plaintiffs Motion for Default Judgment, the Court is relying on the ruling entered by the trial court in the case of *Adams v. Moody*, 2009 Ark. App. 474[,] to give guidance with respect to the Plaintiffs second motion. In *Adams* the trial court reasoned as follows:

When a pleader fails to assert a counterclaim, he shall be entitled to assert such counterclaim by amended or supplemental pleading subject to the requirements and conditions of Rule 15 of the Arkansas Rules of Civil Procedure. ARCP 13(e). However, the time limits on answers apply to counterclaims. In other words, in order to have the right to assert a counterclaim, a defendant has to have filed a timely answer or response to the complaint.

For these reasons, the Plaintiffs motion to strike the Defendant's counterclaim should be and hereby is granted. The Defendants may attempt to assert their claim by separate action. The Plaintiffs attorney shall contact the Court's Trial Court Assistant to schedule a date for hearing on damages on the Plaintiffs default judgment and give notice of the date and time of said hearing to the Defendants.

18. The Court of Appeals affirmed the trial court's findings [in] the *Adams* case. For these same reasons, the Plaintiffs Motion to Strike the Amended Answer and Counterclaim are granted. As stated by the trial court in *Adams*, the dismissal is without prejudice and the Defendant may attempt to assert his counterclaim in a separate action.

It is from this order that Kusper appeals. He makes three arguments on appeal: first, that the circuit court erred in denying his motion to strike and dismiss because an anti-SLAPP proceeding is a "special proceeding" and therefore required an evidentiary hearing; second, that his communications were privileged, and it was erroneous to subject him to an injunction; and third, that striking his answer and entering default judgment was improper. We agree with Kusper's third point on appeal. His first two points are not properly before us at this time.

II. *Jurisdiction*

7

The order from which Kusper appealed left the issue of damages to be decided at a later date. Ordinarily, a judgment or order is not final and appealable if the issue of damages remains to be decided. *Israel v. Oskey*, 92 Ark. App. 192, 212 S.W.3d 45 (2005). However, an appeal may be taken from an order that strikes an answer, part of an answer, or any pleading. Ark. R. App. P. 2(a)(4). The harm levied against Kusper in striking his answer was the entry of default judgment, and it is therefore also procedurally within the purview of the appeal. *See Isreal*, *supra*; *see also Lake Vill. Health Care Ctr., LLC v. Hatchett ex rel. Hatchett*, 2012 Ark. 223, at 16 n.2, 407 S.W.3d 521, 531 n.2 (Danielson, J., concurring).

We will not, however, address Kusper's arguments concerning the denial of his motion to dismiss (which, under the circumstances, could arguably be considered a denial of a motion for summary judgment) or the entry of the injunction because those matters are not inherently related to the striking of the answer. And while we do have jurisdiction to hear appeals concerning injunctions under Arkansas Rule of Appellate Procedure–Civil 2(a)(6), those appeals must still be taken within the time prescribed by Arkansas Rule of Appellate Procedure–Civil 4.

### III. *Default Judgment*

The standard of review for considering whether a default judgment was properly granted is whether the circuit court abused its discretion. *Ewing v. Schmalz*, 2024 Ark. App. 127, 686 S.W.3d 25; *Gawenis v. Zelda Walls Living Tr.*, 2022 Ark. App. 302. Rule 55 of the Arkansas Rules of Civil Procedure provides, "When a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court." Ark. R. Civ. P. 55(a).

On appeal, Kusper explains that pursuant to Arkansas Rule of Civil Procedure 8, his motion to dismiss and strike should be liberally construed as a good-faith controversy by general denial. He reminds us that no technical forms of pleadings or motions are required and points to several examples in the motion and brief that he contends fairly meet the substance of the averments denied. He explains this should be sufficient to constitute an answer. At a minimum, Kusper asserts that the pleadings are sufficient to constitute "otherwise defending" for the sake of defeating default judgment. We agree that this level of participation in litigation should defeat default judgment at this stage.

Kusper defended when he filed his motion to dismiss and motion to strike. He amended and refiled the motion when Dr. Guisbiers amended his complaint. Kusper included exhibits comprising over a hundred pages with his brief in support and appeared before the court and made arguments concerning the same. He submitted a proposed order.

The reporter's note to Rule 55 states that the phrase "otherwise defend" in Rule 55(a) has the same meaning as its federal counterpart and means the filing of motions, "which by definition are not pleadings." Ark. R. Civ. P. 55 addition to rep. notes 1999 amend. The Reporter's note cites *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949), which provides that "[t]he words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." *Id.*

9

In *Tapp v. Fowler*, our supreme court reversed default judgment where an appellant filed a motion to dismiss and a motion for summary judgment but not an answer. 291 Ark. 309, 313, 724 S.W.2d 176, 178 (1987).[2] In reversing the default judgment, our supreme court reasoned that the defendant defended the action by filing the motion to dismiss and by submitting three "extensive affidavits, which tended to deny each of the allegations" contained in the complaint. *Tapp*, 291 Ark. at 313, 724 S.W.2d at 178. The court wrote, "To hold on the facts before us that appellant failed to appear or otherwise defend appellee's action would defy common sense, and, at a minimum, place form over substance." *Id.* at 313, 724 S.W.2d at 178–79. Here, like in *Tapp*, Dr. Guisbiers and the court "obviously [were] aware of appellant's allegations and denials that directly opposed the claims the appellee recited in [his] complaint." *Id.* at 313, 724 S.W.2d at 178.

Our courts have long held that default judgments are not favored, and they should be avoided when possible. *Riggs v. Riggs*, 2020 Ark. App. 381, at 10, 606 S.W.3d 588, 593. One reason courts are admonished to avoid default judgments when possible is that a default judgment may be a harsh and drastic result affecting the substantial rights of the parties. *Id.* Because we hold that Kusper has not "failed to plead or otherwise defend," it was therefore erroneous to enter default judgment at this juncture in the litigation.

IV. *The Answer and Counterclaim*

---

[2]*Tapp* was decided under prior law where default judgment was mandatory. Rule 55 was amended in 1990, making default judgment discretionary.

Kusper's answer (titled "amended answer") and counterclaim were filed after Dr. Guisbiers's motion for default judgment but were struck as part of the order granting the default judgment. Pursuant to Arkansas Rule of Civil Procedure 12(f), when a party fails to timely file a responsive pleading, the circuit court "may" strike the pleading. Thus, the circuit court's decision to strike an answer is reviewed under an abuse-of-discretion standard. *See Webb v. Lambert*, 295 Ark. 438, 439, 748 S.W.2d 658, 659 (1982). A court commits an abuse of discretion when it improvidently exercises its discretion, for example, when discretion is exercised thoughtlessly and without due consideration. *Poff v. Brown*, 374 Ark. 453, 457, 288 S.W.3d 620, 623 (2008).

In his motion asking to strike the answer, Dr. Guisbiers asked that the court strike the answer as a sanction. He did not allege any prejudice suffered by the late filing. We have held that a circuit court does not abuse its discretion denying motions to strike when prejudice is not established, *see Trujillo v. TK Martial Arts Acad., LLC*, 2015 Ark. App. 606, at 3, 474 S.W.3d 519, 522, but that does not automatically mean that a court abuses its discretion in granting the same. And yet, we cannot help but conclude that it was erroneous to do so under these unique facts due to the involved nature of the litigation to this point.

As we explained in the preceding section, the filings in this case prior to the "amended answer" appraised Dr. Guisbiers which allegations are admitted and not in issue and which are contested and require proof.

Arkansas Rule of Civil Procedure 8(b) provides that:

11

*(b) Defenses: Form of Denials.* A party shall state in ordinary and concise language his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. . . .Denials shall fairly meet the substance of the averments denied. . . . Unless the pleader intends in good faith to controvert all the averments of the claim, he may make his denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments, except such designated averments or paragraphs as he expressly admits, provided that he may admit any part thereof and deny the remainder. When the pleader intends in good faith to controvert all averments, including averments of the grounds upon which the court's jurisdiction depends, he may do so by general denial subject to the obligations set forth in Rule 11.

Reporter's note to Rule 8, No. 4, provides that "[t]he theory behind [section (b)] is that an answer or reply should apprise a claimant which allegations in the claim are admitted and not in issue and which are contested and thus require proof." Ark. R. Civ. P. 8 rep. notes.

The April 27, 2022 verified complaint provided the following allegations:

Defendant Kupser has waged and continues to wage a campaign of lies and unfounded allegations against the Plaintiff.

. . . .

Defendant Kusper has made untrue statements about the Plaintiff, which are defamatory in nature.

. . . .

Defendant Kusper's statements and allegations against the Plaintiff are false.

. . . .

The Defendant in this action is actively defaming Plaintiff with untrue statements of fact.

. . . .

[Kusper's] allegations against the Plaintiff are wholly untrue.

12

On May 23, 2022, Kusper filed his first motion to strike and dismiss, stating:

> This case involves a public university professor and a PhD student who has reported concerns about scientific research misconduct and whistleblower retaliation to governing state and federal agencies. The professor has sued the student and secured a temporary injunction that restrains the student's speech and interferes with his participation in ongoing investigations.
>
> . . . .
>
> The student's communications are privileged communications that are protected by Ark. Code Ann. § 16-63-501 et seq. Kusper's actions and communications relate to matters of public significance. He undertook these communications in order to exercise his free speech and precisely to petition his government for redress of his grievances.
>
> . . . .
>
> The Verified Complaint and Motion for Injunctive Relief presents an inaccurate picture of the current situation. Contrary to Plaintiff's pleading, the two investigations related to research misconduct and whistleblower retaliation continue to proceed at higher levels.
>
> . . . .
>
> Further, Kusper's opinions are also privileged because Dr. Guisbiers is a public official subject to criticism for his official acts as a public university professor, advisor, and administrator. Ark. Code Ann. § 16-63-503(2)(B)(ii).
>
> . . . .
>
> All of his statements are based on his direct experiences, and he has supported his specific assertions of facts with extensive documentation.
>
> . . . .

In his Brief in Support of his Motion to Strike and Dismiss, Kusper alleged:

> "Privileged communication" does not include a statement or report made with knowledge that it was false or with reckless disregard of whether it was false.

. . . .

This student exercised his right of free speech and his right to petition the government for redress of his grievances. Beginning in fall 2021, he has petitioned government agencies directly. Three external complaints were filed, and jurisdiction was accepted in all three. They each progressed past the inquiry stage. One of the three, a substantially smaller, ancillary matter, not essential to the misconduct or retaliation events, was recently dismissed after investigation. However, contrary to Plaintiff's Verified Complaint, the other two investigations related to scientific research misconduct and whistleblower retaliation continue to proceed at higher levels.

. . . .

Kusper's reports to the government, and his opinions and public discussions of them, are privileged communications in, to, and about issues of public concern. They relate to various executive agency investigations in response to his formal reports of scientific research misconduct allegations and whistleblower retaliation.

. . . .

Kusper has based all his statements on his direct experiences, and he has supported his specific factual allegations with extensive documentation.

. . . .

Allowing this case to proceed would immediately punish Kusper for exercising his constitutional right to speak and petition the government for a redress of grievances.

And further, on July 11, 2022, in Kusper's reply to Dr. Guisbiers's response, Kusper provided:

In his Brief, Dr. Guisbiers denies that this matter falls under the Arkansas SLAPP law, only because "Mr. Kusper's complaints were false. Plaintiff can demonstrate the falsity to Mr. Kusper's complaints at trial or a hearing, anytime."

. . . .

Thus, Dr. Guisbiers has had an opportunity to specifically deny or dispute any one of the number of specific concerns and facts presented in Kusper's pleadings, but he declined to do so.

14

. . . .

In his Response, Guisbiers next applies the wrong legal standard for the Court's consideration. He provides the legal standard for a Motion to Dismiss pursuant to Ark. R. Civ. Pro. 12b. However, this Motion is made pursuant to Ark. Code Ann. § 16-63-501 et seq.

Guisbiers is using his Honorable Court to interfere with Kusper's clearly protected First Amendment Rights.

. . . .

Guisbiers has not met the requirements of the Arkansas Anti-SLAPP statute to bring this type of case. He has not disproven that this is a SLAPP case with any facts. He has not proven falsity nor raised any specific instances of alleged falsehoods with supporting facts.

In contrast, Matthew Kusper has shown through numerous detailed facts and exhibits that his communications are good-faith complaints with extensive documentation to a federal executive agency. These complaints were submitted to the responsible parties in the prescribed manner, pursuant to the Code of Federal Regulations (42 CFR § 93.300 et seq.) If this is not Constitutionally-protected activity of petitioning our government for redress of grievances, those terms have lost all practical meaning.

Nor does Guisbiers's Response address the fact that Kusper's opinions are also privileged because Dr. Guisbiers is a public official subject to criticism for his official acts as a public university professor and administrator. Ark. Code Ann. § 16-63-503(2)(B)(ii).

In light of the allegations in the complaint and the motion to dismiss, it is clear that the parties were aware of the claims and defenses and could proceed with the case. The trial was scheduled, and nothing prohibited the parties from moving toward that goal. Punishing Kusper for not filing a formal document tiled "answer" at this stage under these circumstances places form over substance. *Tapp*, *supra*; *Cammack v. Chalmers*, 284 Ark. 161, 164, 680 S.W.2d 689, 691 (1984) (allowing a late answer to be filed when there "was no

15

prejudice to these appellants by the appellees' delay in filing their answer"). Furthermore, with the exception of Rule 12(h)(1) defenses, a party may amend his pleadings at any time without leave of the court. Ark. R. Civ. P. 15. This includes asserting counterclaims. Ark. R. Civ. P. 13(e). Thus, it was an abuse of discretion to strike the entirety of the answer and counterclaim without having identified any prejudice or without prejudice being readily apparent.

## V. *Conclusion*

Pleadings are to be liberally construed so as to do substantial justice. Ark. R. Civ. P. 8(f). They should be construed to give effect to the substance of the pleading rather than the form. *Wright v. City of Little Rock*, 366 Ark. 96, 100, 233 S.W.3d 644, 647 (2006). Moreover, default judgments are not favorites of the law and should be avoided when possible. *Riggs*, 2020 Ark. App. 381, 606 S.W.3d 588. If ever we were to apply these principles, this case necessitates we do so now. The circuit court abused its discretion in granting default judgment and striking the answer and counterclaim. We reverse and remand the circuit court's decision striking the answer and granting default judgment. Kusper's arguments concerning his initial motion to strike and dismiss and his arguments regarding the injunction are dismissed without prejudice.

Reversed and remanded in part; dismissed in part.

WOOD and BROWN, JJ., agree.

*Luther Oneal Sutter* and *Lucien R. Gillham*, for appellant.

*The Brad Hendricks Law Firm*, by: *Lloyd W. Kitchens*, for appellee.